**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOAO BOCK TRANSACTION
SYSTEMS, LLC,

                Plaintiff,

vs.                                    Case No. 3:13-cv-223-J-34JRK

FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

                Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on March 1, 2013, by filing a one-count Original Complaint for Patent Infringement (Doc. No. 1; Complaint) against Defendant. On March 26, 2013, Defendant filed its Counterclaim to Plaintiff's Complaint. See Fidelity National Information Services, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint (Doc. No. 9; Answer) at 7-11. Upon review, the Court finds that the Counterclaim constitutes an impermissible "shotgun pleading." See Answer at 7-11. A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each subsequent count of the four counts in the

Counterclaim incorporate by reference all allegations of the preceding count(s). See generally Answer at 9-10.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

In light of the foregoing, it is **ORDERED**:

1. Fidelity National Information Services, Inc.'s Answer and Counterclaims to Plaintiff's Original Complaint (Doc. No. 9) is **STRICKEN**.

2. Defendant shall have up to and including **April 19, 2013**, to file an amended answer, affirmative defenses, and counterclaim consistent with the directives of this Order.

**DONE AND ORDERED** at Jacksonville, Florida on this 3rd day of April, 2013.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc16
Copies to:

Counsel of Record