IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) )  CASE NO. 3:13-CV-00223-J-34JRK |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| FIDELITY NATIONAL INFORMATION SERVICES, INC., | ) ) ) |
| Defendants. | ) ) ) |

**FIDELITY NATIONAL INFORMATION SERVICES, INC.'S
AMENDED ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Fidelity National Information Services, Inc. ("FIS") files this Amended Answer and Counterclaims to Plaintiff's Original Complaint (the "Complaint") as follows:

**PRELIMINARY STATEMENT**

Plaintiff Joao Bock Transaction Systems, LLC, ("Plaintiff") has filed an Original, Complaint for Patent Infringement in this matter. Discovery has not begun in this matter, and FIS has not had an opportunity to adequately investigate the allegations brought by Plaintiff and defenses thereto. Thus, while FIS files this answer to the best of their knowledge and ability, FIS in no way waives any defense or argument asserted pursuant to, among others, Rule 11, any other defense asserted herein, or any other argument or defense it may have at law or in equity. FIS further reserves the right to supplement or amend this answer to include additional defenses and/or counterclaims that are discovered during the course of this lawsuit, including but not limited to the defense of inequitable conduct.

Moreover, on the same day this lawsuit was filed, FIS filed a declaratory judgment action against Plaintiff in the United States District Court for the Northern District of Illinois. Rather than instituting piecemeal litigation, as is apparently Plaintiff's plan, FIS asserted claims of non-infringement and invalidity against Plaintiff on not only United States Patent No. 7,096,003, but also numerous related patents allegedly held by Plaintiff, including United States Patent No. 6,047,270 (the "'270 Patent"). FIS chose to file in the Northern District of Illinois because Plaintiff instituted a separate proceeding in that jurisdiction against numerous of FIS's customers, alleging infringement of the '270 Patent, and the Court is in the process of issuing a claim-construction ruling with respect to the claims asserted in that action. Accordingly, while FIS files this answer to comply with the Federal Rules of Civil Procedure, FIS does not in any way waive its right to move this Court to either transfer or stay this action in view of FIS's declaratory judgment action that is pending against Plaintiff in the United States District Court for the Northern District of Illinois.

Subject to and without waiving any of the affirmative defenses set forth in this Amended Answer or otherwise available at law or equity, FIS responds to the separate, numbered paragraphs of Plaintiff's Original Complaint for Patent Infringement (the "Complaint") as follows:

## NATURE OF THE ACTION

1. With respect to paragraph 1 of the Complaint, FIS admits that the Complaint asserts a claim of patent infringement of United States Patent No. 7,096,003 ("the '003 Patent") entitled "Transaction Security Apparatus" against FIS, but FIS denies it has infringed. FIS is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 1 of the Complaint and therefore denies those allegations.

## PARTIES

2. With respect to paragraph 2 of the Complaint, FIS is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies those allegations.

3. FIS admits the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. With respect to paragraph 4 of the Complaint, FIS admits that this Court has subject matter jurisdiction over claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). FIS admits that Plaintiff purports to bring this action under the patent laws of the United States, but denies the remaining allegations of paragraph 4.

5. With respect to paragraph 5 of the Complaint, FIS admits that it is subject to personal jurisdiction in this District. FIS denies the remaining allegations of paragraph 5.

6. With respect to paragraph 6 of the Complaint, FIS admits that it solicits customers in the State of Florida and this District, has paying customers residing in this District, and some of those customers use FIS's products and services in this District. FIS denies the remaining allegations of paragraph 6.

7. With respect to paragraph 7 of the Complaint, FIS admits that venue is proper under 28 U.S.C. §§ 1391 and 1400(b). FIS reserves the right to file a motion to transfer this case under 28 U.S.C. § 1404.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,096,003

8. FIS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, and on that basis denies the same.

9	With respect to paragraph 9 of the Complaint, FIS admits that, on its face, the '003 Patent identifies that it was issued by the United States Patent and Trademark Office on August 22, 2006 to the listed inventors Raymond Anthony Joao and Robert Richard Bock. FIS is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 9 of the Complaint and therefore denies those allegations.

10. The allegations contained in paragraph 10 are both vague and ambiguous, and as a result, FIS denies the allegations of paragraph 10.

11. With respect to paragraph 11 of the Complaint, FIS admits that JBTS has filed suit against certain of FIS's customers in this Court. FIS denies the remaining allegations of paragraph 11.

12. FIS denies the allegations of paragraph 12.

13. FIS denies the allegations of paragraph 13.

14. FIS denies the allegations of paragraph 14.

15. FIS denies the allegations of paragraph 15.

16. FIS denies the allegations of paragraph 16.

17. With respect to paragraph 17 of the Complaint, FIS admits that, it owns and operates its website, www.fisgloblal.com. FIS denies the remaining allegations of paragraph 17.

18. FIS denies the allegations of paragraph 18.

19. FIS denies the allegations of paragraph 19.

20. FIS denies the allegations of paragraph 20.

21. FIS denies the allegations of paragraph 21.

22. FIS denies the allegations of paragraph 22.

23. FIS denies the allegations of paragraph 23.

24. FIS denies the allegations of paragraph 24.

25. FIS denies the allegations of paragraph 25.

## JURY DEMAND

26. With regard to the Demand of Jury Trial in the Complaint, no admission or denial is required.

## PRAYER FOR RELIEF

Plaintiff's requests for relief require no response. For that reason, FIS denies that Plaintiff is entitled to any relief, and asserts that Plaintiff's claims for relief should be denied in their entirety.

## AFFIRMATIVE DEFENSES

FIS reserves the right to assert additional affirmative defenses after further investigation, including defenses related to enforceability.

## FIRST AFFIRMATIVE DEFENSE

Venue is improper.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

FIS has not infringed and does not infringe, nor have they contributed to any infringement by others, nor have they induced others to infringe any claim of the '003 Patent.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the '003 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches and/or estoppel. Plaintiff unreasonably and inexcusably delayed filing suit for infringement until more than six years after the '003 Patent issued on August 22, 2006. Plaintiff's unreasonable and unexcused delay caused material prejudice to FIS.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or its predecessors in interest of the '003 Patent failed to properly notify FIS of the actions alleged to infringe the '003 Patent, including but not limited to, by reason of 35 U.S.C. § 287 or infringement allegations based on indirect infringement, FIS not liable to Plaintiff for those allegedly infringing actions performed prior to receipt of actual notice of allegations that they were infringing the '003 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by prosecution history estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part for lack of standing.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to 35 U.S.C. § 286, Plaintiff's claims are barred in whole or in part for all events occurring more than six years before the filing of this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of res judicata, claim preclusion, and/or issue preclusion.

## COUNTERCLAIM

As set forth above, FIS reserves the right to move this Court to transfer or stay this action. Accordingly, the Counterclaims asserted below in no way constitute a waiver of that or any other defense asserted by FIS. Thus, subject to and without waiving any of the foregoing defenses, and without prejudice to its right to assert additional counterclaims after further investigation, FIS asserts the following Counterclaims against Plaintiff/Counterclaim-Defendant Joao Bock Transaction Systems, LLC ("JBTS"):

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over the following Counterclaims under 28 U.S.C. §§ 1331 and 1338(a) (2011). This Court has personal jurisdiction over Joao Bock Transaction Systems, LLC because it has voluntarily appeared before this Court for all purposes, both in the above-captioned matter and in the lawsuit styled *Joao Bock Transaction Systems, LLC v. USAmeriBank, et al.*, Cause No. 8:11-CV-00887, in the United States District Court for the Middle District of Florida, Tampa Division.

2. Venue is proper as to Joao Bock Transaction Systems, LLC under 28 U.S.C. §§ 1391(b) and 1400(b) (2011).

## THE PARTIES

3. Counterclaim-Plaintiff FIS is a corporation organized under Georgia law, with its headquarters and principal place of business at 601 Riverside Avenue, Jacksonville, FL 32204.

4. Plaintiff/Counterclaim-Defendant Joao Bock Transaction Systems, LLC is a limited liability company organized under the laws of the State of Delaware and with its principal place of business located at 122 Bellevue Place, Yonkers, New York 10703.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '003 PATENT

5. Plaintiff/Counterclaim-Defendant JBTS has filed suit in this matter asserting infringement by FIS of the '003 Patent. As a result, a live case and controversy exits between FIS and JBTS regarding whether the '003 Patent is infringed. Indeed, contrary to JBTS's allegations, FIS does not infringe and has not infringed the '003 Patent, and therefore, FIS has a right to engage in the complained-of activity. But as a result of JBTS's actions, FIS risks exposure by engaging in the complained-of activity, and therefore seeks a declaration of its legal rights.

6. Accordingly, pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 (2011), FIS is entitled to a declaratory judgment that it has not infringed (either directly, contributorily, or by inducement) any claim of the '003 Patent, either literally or by the application of the doctrine of equivalents.

WHEREFORE, FIS respectfully requests that the Court grant a declaratory judgment in favor of FIS declaring that FIS has not infringed (either directly or contributorily, or by inducement) any claim of the '003 Patent, either literally or by the application of the doctrine of equivalents, and grant such further relief as the Court deems equitable, just, and proper.

Baker & McKenzie, LLP, 1111 Brickell Avenue, Suite 1700, Miami, FL 33131 - (305) 789-8900.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '003 PATENT

7. JBTS has filed suit in this matter asserting infringement by FIS of the '003 Patent. As a result, a live case and controversy exits between FIS and JBTS regarding whether the '003 Patent is infringed, but also whether the '003 Patent is invalid such that it cannot be infringed.

8. The '003 Patent claims priority to the same application as United States Patent No. 6,529,725 (the "'725 Patent"). JBTS previously sued Jack Henry & Associates, a competitor of FIS, making similar allegations that Jack Henry's online banking products infringed the '725 Patent. (*See Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*, Cause No. 3:03-cv-10199, in the United States District Court for the Southern District of New York, Judgment, Dkt. No. 228.) In that matter, the jury found that at least five separate prior-art references invalidated the asserted claims of the '725 Patent. (*See id.*) The Federal Circuit affirmed the jury's findings.

9. The claims of the '003 Patent are similar to the '725 Patent claims that have already been determined to be invalid. Indeed, the '003 Patent is invalid based on the same prior art that previously invalidated the '725 Patent, as well as numerous other references that will be disclosed during the course of this lawsuit.

10. Accordingly, in view of the live case and controversy that exists between JBTS and FIS regarding whether the '003 Patent is valid and infringed, and pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 (2011), FIS respectfully seeks a judgment from this Court that the '003 Patent is invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

Baker & McKenzie, LLP, 1111 Brickell Avenue, Suite 1700, Miami, FL 33131 - (305) 789-8900.

11. Further, because, among other things, the '003 Patent is invalid based on multiple prior references that have been disclosed to JBTS, this is an exceptional case under 35 U.S.C. § 285. FIS is entitled to recover its reasonable attorneys' fees as a result.

WHEREFORE, FIS respectfully requests that the Court grant a declaratory judgment in favor of FIS declaring that the '003 patent is invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and 112; award FIS reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and grant FIS such further relief as the Court deems equitable, just, and proper.

### THIRD COUNTERCLAIM
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '270 PATENT

12. JBTS's only business is filing patent infringement lawsuits. Since 2010, JBTS has filed 15 patent-infringement lawsuits, 13 of those have claimed infringement of United States Patent No. 6,047,270 (the "'270 Patent"). Indeed, JBTS has filed multiple lawsuits against FIS's customers for allegedly infringing the '270 Patent, including but not limited to a lawsuit filed in this Court, which is still pending, and is styled, *Joao Bock Transaction Systems, LLC v. USAmeriBank, et al.*, Case No. 8:11-cv-00887, in the United States District Court for the Middle District of Florida, Tampa Division.

13. In that suit, and at least one other, JBTS accuses FIS's customers of infringing the '270 Patent by using products that are provided by FIS. In addition, JBTS has issued subpoenas to FIS in three separate matters, seeking information on FIS's "Accused Instrumentalities," i.e., products provided by FIS that allegedly infringe the '270 Patent. Moreover, as one of FIS's customers recently testified in the lawsuit pending in this Court, FIS provides and maintains at its own facilities all of the hardware and software that is accused of infringement in that action. FIS

Baker & McKenzie, LLP, 1111 Brickell Avenue, Suite 1700, Miami, FL 33131 - (305) 789-8900.

has a reasonable apprehension that JBTS will assert its alleged rights regarding the '270 Patent against FIS.

14. Contrary to JBTS's allegations, however, FIS does not infringe and has not infringed the '270 Patent, and therefore, FIS has a right to engage in the complained-of activity. As a result of JBTS's actions, FIS risks a suit for infringement by engaging in the complained-of activity, and therefore seeks a declaration of its legal rights.

15. Accordingly, pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 (2011), FIS is entitled to a declaratory judgment that it has not infringed (either directly, contributorily, or by inducement) any claim of the '270 Patent, either literally or by the application of the doctrine of equivalents.

WHEREFORE, FIS respectfully requests that the Court grant a declaratory judgment in favor of FIS declaring that FIS has not infringed (either directly, contributorily, or by inducement) any claim of the '270 Patent, either literally or by the application of the doctrine of equivalents, and grant such further relief as the Court deems equitable, just, and proper.

## FOURTH COUNTERCLAIM
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '270 PATENT

16. JBTS, a company whose sole business is to file patent-infringement lawsuits, has already filed two such matters against FIS's customers, alleging infringement of the '270 Patent. In particular, JBTS contends that the business online banking products provided by FIS infringe the '270 Patent. Those online banking products, however, are not only provided by FIS, but FIS also maintains at its own facilities the software and hardware that make the accused features of those products operational. Thus, it is FIS's products that are at issue in those lawsuits. Indeed, in each of the suits in which FIS's customers have been sued and one other, JBTS has issued a

11
Baker & McKenzie, LLP, 1111 Brickell Avenue, Suite 1700, Miami, FL 33131 - (305) 789-8900.

subpoena to FIS seeking extensive discovery regarding FIS's "Accused Instrumentalities," i.e., products provided by FIS that allegedly infringe the '270 Patent.

17. As a result of JBTS's overt actions against FIS and its customers, as well as JBTS's proclivity for litigation, FIS has a reasonable apprehension that JBTS will sue FIS for allegedly infringing the '270 Patent. FIS, however, does not infringe the '270 Patent, and moreover, the '270 patent is invalid. Indeed, the '725 Patent, which claims priority to the same application and specification as the '270 Patent, has already been determined to be invalid in part by the Federal Circuit. Given the similarities that exists between those two patents, the claims of the '270 Patent that JBTS has asserted against FIS's products are also invalid.

18. Thus, in view of the live case and controversy that exists between JBTS and FIS concerning whether the '270 is valid and/or infringed, FIS seeks a declaration of its legal rights. In particular, and pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 (2011), FIS respectfully seeks a judgment from this Court that the '270 Patent is invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

19. Further, because, among other things, the '270 Patent is invalid based on multiple prior references that have been disclosed to JBTS, this is an exceptional case under 35 U.S.C. § 285. FIS is entitled to recover its reasonable attorneys' fees as a result.

WHEREFORE, FIS respectfully requests that the Court grant a declaratory judgment in favor of FIS declaring that the '270 Patent is invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and 112; award FIS reasonable attorneys' fees; and grant such further relief as the Court deems equitable, just, and proper.

Baker & McKenzie, LLP, 1111 Brickell Avenue, Suite 1700, Miami, FL 33131 - (305) 789-8900.

## **PRAYER FOR RELIEF**

WHEREFORE, FIS respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. Dismiss with prejudice the Complaint against FIS;

b. Hold that Plaintiff is not entitled to any relief, whether in law or equity or otherwise, from its suit against FIS;

c. Declare that FIS has not infringed and does not infringe in any manner any claim of the '003 Patent;

d. Declare that each and every claim of the '003 Patent is invalid;

e. Declare that FIS has not infringed and does not infringe in any manner any claim of the '270 Patent;

f. Declare that each and every claim of the '270 Patent is invalid;

g. Find this case exceptional and award FIS its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

h. Award FIS any additional relief as the Court may deem appropriate and just under the circumstances.

Dated this 17th of April, 2013.

    Respectfully submitted,

    BAKER & McKENZIE, LLP
    *Attorneys for Defendant/Counterclaim-Plaintiff*
    *Fidelity National Information Services, Inc.*
    Sabadell Financial Center
    1111 Brickell Avenue, Suite 1700
    Miami, FL 33131
    Tel: (305) 789-8900
    Fax: (305) 789-8953

    By: /s/ William V. Roppolo
        William V. Roppolo, Esq.
        Florida Bar No. 182850
        william.roppolo@bakermckenzie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: __/s/ William V. Roppolo_____
William V. Roppolo Esq.

# SERVICE LIST

**JOAO BOCK TRANSACTION SYSTEMS, LLC,**
v.
**FIDELITY NATIONAL INFORMATION SERVICES, INC.**

**CASE No: 3:13-CV-00223-MMH-JRK**
**UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA**

Timothy C. Davis, Esq.
HENINGER GARRISON DAVIS, LLC
*Attorney for Plaintiff*
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
tim@hgdlawfirm.com


Jonathon R. Miller
HENINGER GARRISON DAVIS, LLC
*Attorney for Plaintiff*
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0863
Facsimile: (205) 547-5506
jmiller@hglawfirm.com


Steven W. Ritcheson
HENINGER GARRISON DAVIS, LLC
*Attorney for Plaintiff*
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
swritcheson@hgdlawfirm.com


miadms-#419217