IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) |
| Plaintiff, | ) Case No. 3:13-CV-00223-J-34JRK ) ) |
| v. | ) ) |
| FIDELITY NATIONAL INFORMATION SERVICES, INC., | ) ) ) |
| Defendants. | ) |

**PLAINTIFF JOAO BOCK TRANSACTION SYSTEMS, LLC'S
OPPOSITION TO ENTRY OF AN
ELECTRONICALLY STORED INFORMATION ("ESI") DISCOVERY ORDER**

Plaintiff Joao Bock Transaction Systems, LLC ("Plaintiff" or "JBTS") does not believe that an ESI order is necessary or helpful in this case. Plaintiff believes that the Parties are better served and efficiencies in handling discovery better met by having the Parties agree to serve discovery requests specifically directed to electronic correspondence and other electronic information, after initial exchange and production of written discovery and documents. The initial exchange of discovery will narrow both the issues and the scope of discovery requests directed to electronically stored information ("ESI").

Plaintiff hereby reserves its right for filing a supplement to its opposition to Defendant's Motion for Miscellaneous Relief (Dkt. No. 28). Plaintiff submits this opposition in view of the Court's Orders setting and resetting the dates for submission of the Parties' Proposed ESI Orders. During the time that has passed, and as described *infra*, Plaintiff believes no ESI Order is necessary or helpful for this case. However, Plaintiff provided Defendant with its position this

afternoon with the expectation, per earlier correspondence with opposing counsel, that Plaintiff would also receive a draft version of FIS's position supporting its requested relief for an ESI Order. The purpose of this agreement was to give each Party the opportunity to review and address any points the opposing side made in its statement. FIS has had the opportunity to review and address Plaintiff's position in its Motion. Plaintiff has not had a similar opportunity to review and address FIS's position as to the Proposed ESI Order. For these reasons, Plaintiff reserves and/or requests leave of this Court, for the opportunity to submit a supplement to this Opposition.

## I.    ESI IS NOT LIMITED TO ELECTRONIC MAIL

Defendant Fidelity National Information Services, Inc. ("Defendant" or "FIS") has proposed an ESI Order that limits its scope and ESI discovery generally to only electronic mails. This definition is overly narrow and inaccurate. The Florida Discovery Practices Manual at p. 22 describes how to preserve and produce electronic information. The Florida Discovery Practices Manual does not limit electronic information to encompass only electronic mail. Thus, the attempt by Defendant to limit the discovery of ESI to electronic mail is improper and its Proposed ESI Order should not be entered for this litigation.

## II.   ESI IS NOT LIMITED IN TIME TO THE SIX YEARS PRIOR TO THIS LITIGATION

Discovery under the Local Rules of this Court, and the Federal Rules of Civil Procedure encompasses and requires the production of relevant information pursuant to those rules, and the Patent Laws. See 35 U.S.C. § 1, et seq. The provision by Defendant that the ESI discovery be limited to six years is an unnecessary and unreasonable limitation. Plaintiff previously filed lawsuits against FIS's customer banks as far back as 2011. Only after those suits were filed, did

Plaintiff learn of FIS's systems being involved and/or part of the Accused Instrumentalities in those other patent litigations.

The first of those two cases was filed in this District Court: case no. 8:11-cv-00887-MSS, *Joao Bock Trans. Sys. LLC v. USAmeribank, et al*. Defendant moved to stay that Florida case pending resolution of this instant case. Defendant cannot avoid discovery by staying a co-pending case and limiting the issues and discovery in this case. Discovery in this case should be conducted so as to resolve both cases, since that was the premise of Defendant's motion to stay. Accordingly, discovery in this case should not be limited in time as Defendant proposes in its ESI Order.

### III. DEFENDANT'S PROPOSED ESI ORDER PROVISIONS UNREASONABLY LIMIT THE NUMBER OF CUSTODIANS, NUMBER OF SEARCH TERMS AND METADATA PROVISIONS.

A. <u>FIS's Limit of 5 Custodians Is Not Warranted Nor Reasonable.</u>

Plaintiff disagrees with Defendant's proposal to limit the number of custodians to five per party for all ESI discovery in this matter. This case involves over thirty FIS products and services and various FIS business lines. The topics that will be addressed in discovery include, but are not limited to, the research and development of the Accused Instrumentalities, marketing, business strategy, customer data, transaction data, the technical side of the Accused Instrumentalities' functionality, as well as damages information. Discovery on each of these general topics will be sought with respect to the thirty-plus Accused Instrumentalities. Moreover, Defendant has over thirty-five thousand (35,000) employees. Limiting discovery of ESI to only 5 custodians serves only to unduly limit this case.

Unfortunately, Defendant has failed to identify one single individual in its initial disclosures as a person having discoverable information. Defendant has been involved in

litigations with Plaintiff since April 2011 as a third party and as an indemnifier of defendants in two other cases. Defendant has had knowledge of some of the Accused Instrumentalities as a third party and as indemnifier of defendants in those other cases. Defendant participated in serving objections on Plaintiff in response to its (Plaintiff's) third party discovery requests in those cases. Upon information and belief, Defendant, as indemnifier, assisted in serving the discovery and responses on behalf of its customers in those two earlier cases. Upon information and belief, Defendant has collected documents in response to the two subpoenas *duces tecum* served on it in these two other litigations. Despite this knowledge, experience, and involvement in other litigations adverse to Plaintiff, Defendant did not identify any FIS employees by name in its initial disclosures.

Defendant also filed a declaratory judgment action in the Northern District of Illinois asserting non-infringement by Defendant as to Plaintiff's entire patent portfolio consisting of five (5) patents.[1] Specifically, Defendant stated:

> 4. Contrary to JBTS's allegations, FIS does not infringe and has not infringed the JBTS Patents, and therefore has a right to engage in the complained-of activity.

See Exhibit A: FIS Complaint, p. 2. In spite of this assertion, which requires a Rule 11 analysis and good faith basis for non-infringement[2] in this declaratory judgment action, Defendant did not identify one person at FIS with discoverable information for this case. This type of determination of noninfringement would ordinarily require attorney consultation with individuals knowledgeable of FIS's products and services – persons that could be identified in the initial disclosures.

---

[1] Case no. 1:13-cv-01604. This case was dismissed on May 21, 2013.
[2] A determination of non-infringement requires construction of the claim terms, followed by a comparison of the claims to the products and services in issue to determine the presence or absence of all the claim elements in the products and services.

Defendant's failure to identify even one person on its initial disclosures raises a concern with Plaintiff that Defendant is not being forthright and open with the discovery process. The review and lack of interest on Defendant's part to attempt any compromise on the proposed ESI provisions further demonstrates Defendant's attempt to "hide the ball" with discovery by indirectly attempting to get Plaintiff to agree to restrictions on discovery that are not necessary for the litigation, are not based on any need, and are unreasonable.[3]

Defendant's proposal that five custodians in total would be sufficient for discovery in this case is not based on any fact. This proposal in Defendant's ESI Order is an attempt to limit this litigation unreasonably, and to prevent Plaintiff from litigating this case.

B. FIS's Limits on Search Terms Is Overly Narrow.

Defendant's proposal of limiting ESI requests to five search terms per custodian per party is too few. In light of the number of Accused Instrumentalities, five search terms for ESI request is unreasonable. Defendant's lack of interest in discussing this disputed provision for the ESI Order demonstrates that these provisions are intended to limit Plaintiff unreasonably and without a factual or legal basis. For these and other reasons set forth herein, Plaintiff does not believe limiting search terms at this time, or to this number five (5) is warranted.

C. Metadata

Plaintiff believes that metadata of the materials, documents and information produced in this case is necessary (i) to understand who the proper custodians are from which to obtain discoverable information and (ii) to identify deponents for this case. Based on FIS's initial disclosures, FIS does not know who the proper custodians are. See Exhibit B: FIS's Initial

---

[3] Statements in Defendant's Proposed ESI Order such as "[t]he parties shall cooperate to identify the proper custodians" and "[t]he parties may jointly agree to modify this limit without the Court's leave" are misleading, not reflective of past history of discovery between the parties. See Defendant's Proposed ESI Order, Section II, "Production of Email", paragraph A(1) and (2). These boilerplate statements are insufficient foundation for Plaintiff to agree to the limits proposed therein.

Disclosures at p. 4 ("Unknown FIS employees and representatives"). Thus, metadata is necessary and must be produced. Plaintiff does not agree to any limits on metadata at this time.

## IV. PLAINTIFF AGREES TO EXCHANGE DISCOVERY ELECTRONICALLY.

Plaintiff agrees to the electronic exchange of discovery in agreed-upon formats as follows.

1. Text-searchable/OCR'd TIFF format with appropriate accompanying load files. The agreed production format includes single-page, Group IV, 300dpi TIFF images and document-level text (.txt) files for the TIFF images (comprising text extracted from native files and OCR text for non-native files or native files that do not have extractable text except when the process would result in the extraction of redacted data). The document load files shall include fields identifying at least: (1) the beginning and ending Bates numbers for each document; (2) the DocID (which shall match the beginning Bates number); (3) parent fields; (4) attachment fields; and (5) fields that allow the parties to identify and retrieve de-duplicated documents. Or,

2. Text-searchable/OCR'd PDF format, wherein multi-page documents are produced as a single PDF file, with .TXT load files to include fields identifying at least (1) the beginning and ending Bates numbers for each document and (2) the DocID (which shall match the beginning Bates number.

## V. CONCLUSION

Plaintiff opposes the entry of the Defendant's Proposed ESI Order. Plaintiff objects to any provisions for an ESI Order because the Local Rules, the Federal Rules of Civil Procedure,

and the Florida Discovery Practices Manual provide guidance for how to conduct discovery of electronic information. Plaintiff opposes entry of an ESI Order because in the discourse with Defendant these past few weeks, it has become apparent to Plaintiff that there is no interest in reaching a compromise on any of the ESI provisions. Rather, these past weeks demonstrate that Defendant simply wants to move for an ESI Order that will unreasonably limit Plaintiff's Constitutional rights and its ability to litigate this case.

For the reasons set forth herein, Plaintiff requests that this Court deny and not enter Defendant's Proposed ESI Order.

Respectfully submitted August 2, 2013

*Attorneys for Plaintiff*
*Joao Bock Transaction Systems, LLC*

/s/ Timothy C. Davis
Timothy C. Davis
FL Bar No. 51880
AL Bar No.:ASB-6834-D63T
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
Email: tim@hgdlawfirm.com

Jonathan R. Miller, *Pro Hac Vice* Anticipated
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0863
Facsimile: (205) 547-5506
Email: jmiller@hgdlawfirm.com

Steven W. Ritcheson, *Pro Hac Vice* Anticipated
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311

Telephone: (818) 882-1030  
Facsimile: (818) 337-0383  
Email: swritcheson@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of filing to all counsel of record for this action.

Date: <u>August 2, 2013</u>　　　　　　　　　<u>/s/ *Timothy C. Davis*　　　　</u>
　　　　　　　　　　　　　　　　　　　Timothy C. Davis, Esq.