**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOAO BOCK TRANSACTION
SYSTEMS, LLC,

    Plaintiff,

v.                                         Case No:   3:13-cv-223-J-32JRK

FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

    Defendant.

## ORDER

This case is before the Court on the Defendant Fidelity National Information Services, Inc.'s Unopposed Motion to File Under Seal (Doc. 77), filed on January 17, 2014. Upon due consideration, the Court determines that the motion is due to be granted.

Defendant has filed a motion to compel Plaintiff to serve more detailed patent infringement contentions and a related motion to extend the deadline for Defendant to serve its own non-infringement contentions.[1] (Docs. 75, 76.) Defendant, understandably, seeks to attach as exhibits to the motions Plaintiff's actual contentions and disclosure of asserted claims. (Doc. 77 at 1-2.) According to Defendant, the contentions contain confidential information previously marked as "Highly Confidential Attorneys' Eyes Only" pursuant to the Stipulated Protective Order entered on November

---

[1] The Court has adopted for purposes of this case only the Local Patent Rules of the Northern District of Illinois. (See Doc. 56; Doc. 66.)

29, 2013 in this case. (Id.) Defendant moves for leave to file these documents under seal.

The public has "a common-law right to inspect and copy judicial records and public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). However, "documents filed in connection with motions to compel discovery are not subject to the common-law right of access," but are instead evaluated under the "good cause" standard of Federal Rule of Civil Procedure 26(c). Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001). The "good cause" standard requires the court to: (1) determine whether the parties have presented valid grounds for sealing; and (2) balance the public's interest in access against the parties' interest in confidentiality. Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F.Supp.2d 1353, 1366 (N.D. Ga. 2002). Though a stipulated protective order may provide that documents designated confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order "does not make it so" when it comes to filing the document with the court. Id. at 1362. "[C]onsensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'" Id. Even without a challenge, the judge remains "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record.'" Id. at 1363 (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.1999)).

2

The Court finds that there is good cause to file the materials at issue here under seal. Plaintiff's contentions are the subject of Defendant's motion to compel and motion for extension of time, so the Court cannot determine their adequacy without first seeing them. Even though Defendant relies only the parties' designation of the contentions as confidential, and does not identify the information it alleges is confidential, the Court find that these materials likely contain, among other things, trade secret information regarding the design, development, and security of the accused banking software products. Further, it is unlikely that this information could be redacted or some means other than sealing could be employed such that the Court would still be able to rule on the discovery motions at issue. Finally, the public's interest in this information is outweighed by the interest in preserving the confidentiality of this information at this point.

Accordingly, it is hereby

**ORDERED:**

Defendant Fidelity National Information Services, Inc.'s Unopposed Motion to File Under Seal (Doc. 77) is **GRANTED**. Defendant shall mail or hand-deliver the materials to be filed under seal to the Clerk. The documents will remain under seal for the earlier of one year from this date or the duration of this litigation, or until further order of the Court.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of January, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies:

counsel of record