# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC.,<br><br>  Defendant. | Case No. 3:13-cv-00223-J-32JRK<br><br>Judge Timothy J. Corrigan |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT FIDELITY NATIONAL INFORMATION SERVICES, INC.'S
MOTION TO COMPEL PATENT INFRINGEMENT CONTENTIONS [Dkt. No 75]**

**Table of Contents**

I.   BACKGROUND ................................................................................................................ 1

II.   SUMMARY OF ARGUMENT ........................................................................................ 2

III.   STANDARD OF REVIEW ............................................................................................. 3

    A.   Motions To Compel Amendments To Preliminary Infringement Contentions................ 3

IV.   ARGUMENT .................................................................................................................. 3

    A.   JBTS Initial Infringement Contentions Do Not Require Supplementation..................... 3

        1.   JBTS's Preliminary Infringement Contentions Provide Technical Analysis ............... 4

    B.   Defendant's Motion Is an Attempt to Distract the Court from FIS's Discovery Insufficiencies. ..................................................................................................................... 7

    C.   The Law Does Not Support Defendant's Motions. .......................................................... 8

    D.   FIS's Reliance on Statements Taken Out of Context From a Hearing in Another Case Is No More Than a Smoke Screen To Hide Behind ................................................................... 10

    E.   FIS Has No Law to Support Its Arguments or Requested Relief.................................. 12

V.   CONCLUSION............................................................................................................... 12

## Table of Authorities

**Cases**

*Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644 (N.D. Cal. 2004) ........... 7
*Richardson v. City of Antioch*, 2009 WL 982118 (N.D. Cal. April 13, 2009) .............................. 7
*Tel-Tron Techs. Corp. v. Stanley Security Solutions, Inc*., 2012 WL 3522659 (M.D. Fla. Aug. 14, 2012) ................................................................................................................................... 3
*Thermapure, Inc. v. Giertsen Co. of Illinois, Inc., et al*., case no. 10-cv-04724 (N.D. Ill.) (Sept. 28, 2011) ............................................................................................................................. 7

**Statutes**

35 U.S.C. § 112(6) ........................................................................................................................ 8

**Rules**

Fed. R. Civ. Proc. 26(e)(1) .......................................................................................................... 10
Fed. R. Civ. Proc. 37 .................................................................................................................... 8
Preamble to L.P.R. of N.D. Ill ................................................................................................. 3, 6
L.P.R. of N.D. Ill. 2.2 ................................................................................................................ 4, 8
L.P.R. of N.D. Ill. 3.1 ................................................................................................................... 4

<u>s</u>

COMES NOW Plaintiff Joao Bock Transaction Systems, LLC (hereinafter, "JBTS"), pursuant to the Local Rules of this court in opposition to both the Motion To Compel Patent Infringement Contentions (Dkt. No 75) and the Motion To Extend Deadline To Serve Initial Non-Infringement Contentions (Dkt. No. 76) filed by Defendant Fidelity National Information Services, Inc. (hereinafter, "FIS").  Mindful of how limited and valuable this Court's time is, JBTS has chosen to respond to FIS's complementary and duplicative motions in a single Opposition.

## I.     BACKGROUND

Plaintiff commenced this lawsuit on March 1, 2013.  Dkt. No. 1.  The parties served their respective initial disclosures on July 15, 2013.  JBTS served its First Set of Requests for Production and Interrogatories on FIS on August 9, 2013.  FIS's Responses to the discovery requests were primarily objections including the excuse that FIS insisted that infringement contentions were a prerequisite to providing complete responses to JBTS's discovery requests. See Dkt. No. 74 (JBTS's Motion to Compel Discovery from FIS).  Plaintiff served Initial Infringement Contentions on December 12, 2013, pursuant to this Court's Case Management Plan.  Dkt. No. 66.  At 10:22 p.m. on the evening of December 30, 2013, Defendant served a letter informing Plaintiff of Defendant's concerns with the infringement contentions and requested Plaintiff serve amended contentions by January 6, 2014.  Dkt. No. 75-6.  Plaintiff's counsel reviewed the letter, and found that Defendant's did not present any specific questions in the letter as to the sufficiency of the contentions, and merely provided a "narrowly-tailored and skewed analysis of these contentions."  Dkt. No. 75-7.  On January 15, 2014, counsel for the parties had a phone call to discuss the infringement contentions, and Defendant's concerns with them.  Plaintiff followed up with a written proposal where counsel would provide reference to

specific page numbers in response to Defendant's counsel identifying which claim elements it believed did not have sufficient evidence or analysis in the infringement contentions. Exhibit A: Email from Mrs. Abbey to Mr. Rankin, Jan. 15, 2014. Defendant then filed the Motion to Compel Infringement Contentions (Dkt. No. 75), and the Motion to Extend Deadline to Serve Initial Non-Infringement Contentions (Dkt. No. 76) on the day its contentions were due. Plaintiff opposes both these Motions.

## II. SUMMARY OF ARGUMENT

This Court adopted the discovery deadlines from the Local Patent Rules of the Northern District of Illinois when it entered the schedule and Case Management Plan for this patent litigation. Defendant is arguing for more specificity in the claim charts, yet Defendant fails to acknowledge – and ignores – the fact that Plaintiff's infringement claim charts do provide the infringement analysis on a "claim element-by-claim element" basis. The Initial Infringement Contentions (hereinafter "IICs" or "Initial Infringement Contentions") align the Accused Instrumentalities methodically and efficiently where those Accused Instrumentalities operate[1] the same or similarly.[2] Plaintiff is permitted to, and does include both direct and indirect infringement allegations in its claim charts. As a vendor who provides a range of technology options via outsourcing, as well as varying levels of customization of its Accused Instrumentalities, all designed to meet the needs of FIS's customers. Thus, the infringement analysis set forth in the Initial Infringement Contentions takes these various infringing activities into account, in a very detailed manner. The purpose of Initial Infringement Contentions is to provide scope and additional specificity to the allegations raised in the complaint. The Final

---

[1] Based upon information and investigation to date.
[2] The Accused Instrumentalities are aligned according to those services offered and used via Retail (Consumer) Online Banking "eBanking" or via Business Online Banking, by way of example. Plaintiff's investigation to date demonstrates that this organization of the Accused Instrumentalities, which are all managed by the account holder via an online account interface, is highly relevant to the infringing activity.

Infringement Contentions, which are due after significant discovery has been exchanged, are intended for the more rigorous contentions that Defendant seems to be seeking with its motion. Defendant's motion to compel is untimely, premature, and unnecessary at this stage, and should be denied.

## III. STANDARD OF REVIEW

### A. Motions To Compel Amendments To Preliminary Infringement Contentions

The Federal Rules of Civil Procedure and Rule 37 govern disputes as to the sufficiency of discovery responses,[3] See *Tel-Tron Techs. Corp. v. Stanley Security Solutions, Inc.*, 2012 WL 3522659, at *1 (M.D. Fla. Aug. 14, 2012). While the Local Patent Rules from the Northern District of Illinois have been incorporated into the Case Management Order for purposes of managing initial and final patent disclosures for this patent litigation by both parties, the local rules of this Court and Federal Rules of Civil Procedure govern discovery, discovery disputes, and any requested modifications to the schedule.[4]

## IV. ARGUMENT

### A. JBTS Initial Infringement Contentions Do Not Require Supplementation.

Early patent disclosures are meant to "require the parties to provide the particulars behind allegations of infringement, non-infringement, and invalidity at an early date." Preamble to L.P.R. of N.D. Ill. JBTS's Initial Infringement Contentions are compliant with this description for Initial Infringement Contentions, and provide a "claim element-by-claim element" analysis and comparison of the Accused Instrumentalities. These patent disclosures are not required to be

---

[3] There are no local patent rules in this District Court and thus, the Middle District of Florida has not had reason or need to address the sufficiency of Initial Infringement Contentions.

[4] To the extent that guidance may be found in the Northern District of Illinois, and its interpretation of the Local Patent Rules, Plaintiff maintains its position that its Initial Infringement Contentions meet the requirements of that district court.

detailed enough to go to trial with, which is what Defendant seeks with its motion(s). The Case Management Plan specifically contemplates two rounds of Infringement Contentions.[5] See Dkt. No. 66. See also LPR 2.2 with LPR 3.1. The Case Management Plan and the Local Patent Rules include time for the exchange of discovery among the parties so that each party has sufficient time to include in its final contentions any new information obtained through traditional discovery mechanisms (i.e., document productions, interrogatory responses, other patent disclosures and depositions).

1. JBTS's Preliminary Infringement Contentions Provide Technical Analysis

    a. **JBTS Provides More than a Mere List of Accused Instrumentalities**.

Defendant prefers to distract this Court with mis-representations as to events in other courts, and a skewed depiction that is not fair or accurate, nor a complete assessment of the Initial Infringement Contentions. The Initial Infringement Contentions identify the Accused Instrumentalities and the alleged infringing activity that each Accused Instrumentality performs:

> Fidelity National Information Services, Inc. (hereinafter referred to as "FIS" or "Defendant") provides financial products and services via the Internet, wireless and mobile communications, which are alleged to infringe the '003 patent, including the FIS products and services <u>that provide alerts services directly to the individual account holder, reporting to the account holder of transaction on the account</u>, including FIS's Retail Online Banking and Mobile Banking services (available through www.fisglobal.com2). The FIS Retail Online Banking and Mobile Banking Services are available through the Internet, mobile and wireless communications <u>include notifications</u>. Other FIS products and services that infringe the patents-in-suit include Online Biller Direct, Payment Card Products, Services and Processing, Merchant Processing, Prepaid Cards, Credit Card Processing and Debit Card Processing, as well as Core Banking services, eBanking, ePayment, Government Payments and Benefits Disbursements, Loyalty Services, <u>all of which include notifications or alerts to the account holder regarding account and transaction activity</u>. FIS also offers Mobile Financial Services through the NYCE Payments Network, <u>which infringe the '003 patent</u>

---

[5] Local Patent Rules of the Northern District of Illinois (adopted by this Court – see Dkt. No. 66).

<u>with their alerts and notifications sent to the account holder</u>. These FIS products and services that infringe the '270 patent are hereinafter referred to as the "Accused Instrumentalities".

Excerpt from Ex. A to Plaintiff's Initial Infringement Contention, p. 1 (emphasis added) (summarizing the infringing activity of the FIS retail services). Additional claim charts were provided disclosing with the Initial Infringement Contentions describing the infringement of FIS services that cater to businesses and business accounts, as follows:

> [T]he FIS products and services [that] <u>provide alerts services directly to the individual account holder, reporting to the account holder of transaction on the account, including FIS's Commercial and Small Business Online Banking and Mobile Banking services</u> (available through www.fisglobal.com2). The FIS Commercial and Small Business Online Banking and Mobile Banking Services are available through the Internet, mobile and wireless communications <u>include notifications</u>. FIS's Commercial Treasury Services including Cash Management, Payables Management and Receivables Management also infringe the patents-in-suit. Other FIS products and services that infringe the patents-in-suit include Online Biller Direct, Payment Card Products, Services and Processing, Merchant Processing, Prepaid Cards, Credit Card Processing and Debit Card Processing, as well as Core Banking services, Business eBanking, ePayment, Government Payments and Benefits Disbursements, Loyalty Services, <u>all of which include notifications or alerts to the account holder regarding account and transaction activity</u>. <u>Some or all of these services offered from FIS with the Commercial and Business services, include limitations and restrictions on usage of an account, infringing additional claims of the patents-in-suit</u>. These FIS products and services the "Accused Instrumentalities."

Excerpt from Ex. C to Plaintiff's Initial Infringement Contention, p. 1 (emphasis added). These are not "shotgun lists" – these are the introductions to the claim charts which identify the infringing activity which includes the alerts and notifications services that form part of each Accused Instrumentality. For the business services, the alleged infringing activity also includes the ability to set and utilize "limitations and restrictions

on usage of an account" by authorized users. Defendant's arguments on this issue are based on an incomplete presentation of the facts, and are not support by fact or law.

### b. **JBTS Discloses Technical Analysis in its Claim Charts**.

The technical analysis of the initial infringement contentions should be considered in view of the discovery produced to date. Because the contentions are served at an early stage of discovery, a "final" infringement analysis is not required or anticipated. Rather, the contentions are used to give definition and scope to discovery at the outset of the case, and to provide more details to support the allegations contained in the complaint. See Preamble to Local Patent Rules of N.D. Ill. JBTS's Initial Infringement Contentions do just that. They identify the alleged infringing activity of the Accused Instrumentalities (see paragraph a, *supra*). Each of the claims is broken down by claim element on the left-side of the claim charts, and the analysis and supporting evidence (mostly publicly available information) is set forth on the right side of the claim charts. The claim charts include definitions for certain of the claim terms, to assist with that part of the infringement analysis which requires construction of the claims and claim terms. The claim charts include the analysis of what Plaintiff has identified in FIS's documents and publicly available information. This evidence that Plaintiff relies upon as exemplary of the infringing activity, is provided next to Plaintiff's analysis and interpretation of how the FIS evidence proves that FIS's services meet each particular claim element. See Plaintiff's Exhibit B, attached hereto, which contains an exemplary excerpt from Exhibit A of Plaintiff's Initial Infringement Contentions, with certain parts of the analysis highlighted for emphasis. These claim charts are filled with analysis for each claim , such as that which is highlighted here in Exhibit B, broken down on a "claim element-by-claim element basis." Defendant's argument(s) in its motion focus on discrete sentences or pictures from the claim charts, rather than the full

and complete disclosure set forth in the charts across from each claim element. Defendant's selective portrayal of Plaintiff's Initial Infringement Contentions fails to show the full and complete picture of those claim charts and the analysis and evidence set forth therein.

**B. Defendant's Motion Is an Attempt to Distract the Court from FIS's Discovery Insufficiencies.**

Plaintiff first filed a Motion to Compel discovery from Defendant on January 6, 2014. See Dkt. No. 74. Defendant refuses to produce documents because it does not know what products and what activity is alleged to infringe. Defendant's basis for withholding documents was that it did not have Plaintiff's infringement contentions. Now that it does have these contentions, Defendant says it does not understand them, and that it does not have sufficient analysis to put Defendant on notice of the infringement. Defendant went so far as to refuse to produce its non-infringement contentions because it felt it did not have sufficient information from Plaintiff regarding the infringement contentions. Such arguments and refusal to comply with discovery obligations and orders of this Court are without merit. A party may not excuse its failure to comply with discovery requests or local patent rule requirements by contending that the opposing party has been similarly delinquent with its disclosures. *Thermapure, Inc. v. Giertsen Co. of Illinois, Inc., et al.*, case no. 10-cv-04724, at 2 (N.D. Ill.) (Sept. 28, 2011) (citing *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004). "The Court does not look favorably upon a 'tit-for-tat' approach to discovery." *Richardson v. City of Antioch*, 2009 WL 982118, at *1 (N.D. Cal. April 13, 2009) ("A party may not withhold relevant discovery simply on the basis that the other side has not been forthcoming with discovery."). "Nor may a party condition its compliance with its discovery obligations on

receiving discovery from its opponent." *Id.* The Preliminary Infringement Contentions are not a precondition to discovery. See *Thermapure, Inc*. at 2.

Plaintiff offered to discuss the claim charts with Defendant to answer any questions its counsel has as to those charts. See Exhibit A. However, Defendant shows no interest, in engaging in these types of discussion(s) of the infringement contentions and bases for infringement. This posturing from Defendant prevents this case from going forward and effectively stonewalls the case so that Plaintiff's sole recourse is via Rule 37 motions to compel (i.e., Dkt. No. 74).

Both of Defendant's motions are without merit and should be denied.

**C. The Law Does Not Support Defendant's Motions.**

In its argument, FIS misquotes the L.P.R. 2.2, and in this misquote, has imposed additional requirements that are not necessary for the Initial Infringement Contentions. See Dkt. No. 75 at 9-10. Rule 2.2(c) states a party claiming infringement must serve on all parties…:

> a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including **for each element that such party contends is governed by 35 U.S.C. § 112(6), a description of the claimed function of that element and the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.**

L.P.R. 2.2(c). Defendant has purposefully taken the section describing charting requirements for means-plus-function claims under 35 U.S.C. § 112(6), and imposed that section as a requirement on all infringement claim charts. "For each Accused Instrumentality, JBTS must individually include "the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." Dkt. No. 75 at 9-10. <u>This is not the law.</u> The identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed

function is only an additional requirement for claims that are governed by 35 U.S.C. § 112(6), and none of the Asserted Claims are governed by this statute.

For similar reasons, Defendant's repetitious arguments are incorrect and misleading. Plaintiff's claim charts provide analysis and discussion of what the infringing activity is, how the Accused Products are infringing, both on the vendor side (FIS) and with the customer (bank) system. These claim charts are "initial" and meet the discovery requirements of this Court. Defendant's arguments for converting Preliminary Infringement Contentions into Final Infringement Contentions is inappropriate, because Final Infringement Contentions are to occur after Defendant has served its Initial Non-Infringement, Unenforceability and Invalidity Contentions. FIS has not yet served its Non-Infringement Contentions that were due on January 16, 2014. Dkt. No. 66. Rather, FIS moved this Court to allow them to do nothing in response to JBTS's Preliminary Infringement Contentions, on the day of FIS's actual deadline to serve these contentions.

Moreover, FIS's document production is not sufficient to allow JBTS transform its Initial Infringement Contentions into Final Infringement Contentions. As FIS has refused to provide any documents in response to JBTS's Requests for Production and has not provide satisfactory Initial Disclosures or responses to JBTS's Interrogatories, JBTS was forced to Move to Compel FIS to meet its obligations under the Federal Rules. Dkt. No. 66. FIS has argued elsewhere (Opposition to JBTS's Motion to Compel) that it has made a "substantial" document product. This is hardly likely in light of the size and breadth of FIS's services and, as FIS has refused to produce any documents in response to JBTS's Requests for Production (*see* Dkt. No. 74), it is a statement that cannot be evaluated. Moreover, the production was made begrudgingly under this Court's Order.

### D. FIS's Reliance on Statements Taken Out of Context From a Hearing in Another Case Is No More Than a Smoke Screen To Hide Behind

FIS's continued stance, that JBTS's list of accused products is too confusing to allow FIS to prepare its non-infringement contentions, is *prima facie evidence* of its lack of cooperation. It is this refusal to do anything that is the primary reason JBTS felt the need to file its Motion to Compel Supplement Discovery Responses and Initial Disclosures (Dkt. No. 74). This excuse for not amending its responses to JBTS's discovery requests should have evaporated when JBTS served its Asserted Claims And Initial Infringement Contentions on December 12, 2013. Yet no attempt was made to amend FIS's Discovery responses as required under Fed. R. Civ. Proc. 26(e)(1). Instead, FIS has improperly injected a statement taken out of context about another case involving another party in a different business (brokerage services).

In fact, FIS has cherry-picked a statement and the results of a strategic litigation decision to claim that JBTS has admitted that some of the Patents-in-Suit are invalid. Nothing can be further from the truth. Quoting out of context a portion of a hearing transcript from an unrelated case improperly inserts incomplete and irrelevant information into this case. Other portions of the transcript refute the implications made by FIS that seeks to use to excuse its unwillingness to comply with its obligations. FIS's attempt to claim that this one statement out of many in a 50-minute hearing is indicative of anything relevant to <u>this</u> case is presented as a smokescreen for its inaction and, more important, its selective disregard for this Court's Scheduling Order.

In particular, FIS omits the context of the November 20, 2013 hearing before Judge Koh of the Northern District of California. <u>See generally</u>, Dkt. No. 76-4. Per the Order of the Court, JBTS was required to reduce the number of claims asserted from 53 to a more manageable number. Earlier in the transcript, Counsel for JBTS explained that the rationale for dismissing

claims associated with the '270 and '725 Patents was a strategic decision quite specific to the defendant's business (brokerage services) and the invalidity contentions raised:

> THE COURT: BUT WHY ARE YOU DROPPING TWO PATENTS? YOU GOT THEIR SOURCE CODE AND REALIZED THAT IT'S A LOSING EFFORT?
>
> MR. RITCHESON: YOUR HONOR, THERE'S A COUPLE OF THINGS. ONE IS THAT AS PART OF THE PROCESS IN THIS CASE, AND IN FACT AS PART OF OUR POLICY, WE TRIED TO FOCUS FAIRLY EARLY ON ON THE STRONGEST CLAIMS AGAINST THE DEFENDANTS. IT DOESN'T MAKE A WHOLE LOT OF SENSE FOR US TO REQUIRE THE DEFENDANT TO BE SPENDING LOTS AND LOTS OF MONEY ON MR. BORNSTEIN'S BILLS WHEN WE REALLY SHOULD BE FOCUSSING [sic] ON THE –

Dkt. No. 76-4; 12: 1-5.  If FIS had read just a little further in the transcript it would have come across the following statement from Counsel for JBTS:

> I THINK THAT, IN LIGHT OF THE COURT'S REQUIREMENT THAT WE REDUCE THE NUMBER OF CLAIMS FROM 53 TO APPROXIMATELY A DOZEN BY THE TIME OF TRIAL, THAT WE'RE ADHERING TO THAT WHILE, FRANKLY, PLAYING TO OUR STRENGTHS. THIS IS THE ONE THAT WE'RE GOING TO WIN ON.

Dkt. No. 76-4; 12: 1-5.  Counsel for JBTS elaborated further later in the hearing:

> YOUR HONOR, ALSO I AM MINDFUL OF THE FACT THAT, AS AN OFFICER OF THE COURT, I HAVE A RESPONSIBILITY TO NARROW THE CASE AND TO PURSUE THINGS THAT HAVE MORE MERIT AND THAT ARE ABLE TO STREAMLINE THE PROCESS, AND THAT'S MERELY WHAT I'M TRYING TO DO.

Dkt. No. 76-4; 22: 13-17.  At this hearing, counsel for JBTS explained JBTS's position on the validity of the patents proposed to be dismissed as part of the reduction of the number of asserted claims:

> YOUR HONOR, … WE DON'T AGREE THAT THIS IS INVALIDATING ART, THE PRIOR SYSTEM.

Dkt. No. 76-4; 11: 4-5.  FIS's seizing upon the stipulation for dismissal of the '270 and '725 Patents as anything but a confirmation of an agreement of the parties to cut down the number of claims asserted per the requirement of the Court is a gross overstatement of what happened. Moreover, because the tactical "decision" to dismiss claims does not reflect an adjudication by the Court, it has no bearing here.

### E.  FIS Has No Law to Support Its Arguments or Requested Relief.

This Court adopted the Local Patent Rules from the Northern District of Illinois in making the schedule and case management plan for this patent litigation.  Defendant has not shown that the Local Rules for this Court require more than what Plaintiff has given in its Initial Infringement Contentions.  Defendant's paucity of legal support relied upon for its motion is not binding on this court.  Moreover, each of those cases is inapposite from the facts of the instant case.  The cases from the Eastern District of Texas and the Northern District of California address local patent rules that are not the same as those adopted by this Court.  The case law from the Northern District of Illinois addresses final infringement contentions, which are not even scheduled to be due for many months.

### V.   CONCLUSION

Defendant has failed to demonstrate that law and facts support their request for relief. Plaintiff's Initial Infringement Contentions were served in accordance with this Court's Case Management Plan, and Defendant's motion to compel (Dkt. No. 75) should be denied.

Respectfully submitted February 3, 2014,

*Attorneys for Plaintiff, Joao Bock Transaction Systems, LLC*

/s/ Maureen V. Abbey

Timothy C. Davis, Florida Bar No. 51880
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
Email: tim@hgdlawfirm.com

Jonathan R. Miller, *Pro Hac Vice*
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0863
Facsimile: (205) 547-5506
Email: jmiller@hgdlawfirm.com

Steven W. Ritcheson, *Pro Hac Vice*
HENINGER GARRISON DAVIS, LLC
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: switcheson@hgdlawfirm.com

Maureen V. Abbey, *Pro Hac Vice*
HENINGER GARRISON DAVIS, LLC
220 St. Paul Street
Westfield, NJ 07090
Telephone: (908) 379-8475
Facsimile: (908) 301-9008
Email: maureen@hgdlawfirm.com

Frank H. Cole, Jr., Florida Nar No. 558249
Eraclides, Gelman, Hall, Indek, Goodman, & Waters, LLC
4811 Atlantic Blvd.
Jacksonville, Florida 32207
Telephone: (904) 306-9955
Facsimile: (904) 306-9951
Email: fcole@eglawjax.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2014, a copy of the foregoing was filed electronically through the Court's CM/ECF system, which caused service upon all counsel registered thereon.

*/s/ Maureen V. Abbey*
Maureen V. Abbey, Esq.
