**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOAO BOCK TRANSACTION SYSTEMS,
    LLC,

            Plaintiff,

v.

FIDELITY NATIONAL INFORMATION
    SERVICES, INC.,

            Defendant.

Case No. 3:13-cv-00223-J-32JRK

Judge Timothy J. Corrigan

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT FIDELITY NATIONAL INFORMATION SERVICES, INC.'S MOTION**
**TO EXTEND DEADLINE TO SERVE INITIAL NON-INFRINGEMENT**
**CONTENTIONS [Dkt. No. 76]**

COMES NOW Plaintiff Joao Bock Transaction Systems, LLC (hereinafter, "JBTS"), pursuant to the Local Rules of this court to oppose the Motion To Extend Deadline To Serve Initial Non-Infringement Contentions (Dkt. No. 76) filed by Defendant Fidelity National Information Services, Inc. (hereinafter, "FIS").  FIS's Motion should be denied because FIS's contention that its motion to modify this Court's schedule is not made in good faith.  Filing a motion to delay the Court's schedule on the day of a deadline does not constitute good cause. Moreover, FIS's motion is based upon the fundamentally-flawed premise that JBTS must serve near-final infringement contentions as a pre-requisite before FIS must serve its preliminary non-infringement contentions.

## I.      BACKGROUND

Plaintiff incorporates by reference the entirety of "Plaintiff's Opposition to Defendant Fidelity National Information Services, Inc.'s Motion to Compel Patent Infringement Contentions" filed on this same day, and assigned Dkt. No. 83.  The relevant facts set forth therein at Section I are the same facts as those necessary and relevant to this Opposition and adjudicating the issue raised by Defendant's failure to adhere to this Court's schedule.

The only additional facts that are relevant to the inquiry for this Motion to Extend Deadline is whether the facts demonstrate good cause and diligence in defendant seeking this relief with its Motion.  Defendant did not seek to meet and confer on the issue of an extension of time until January 13, 2014.  Exhibit A: Email from Mr. Rankin to Plaintiff's Counsel.  The deadline for FIS to serve its non-infringement contentions was January 16, 2014.  Dkt. No. 66.

The facts do not support a finding of diligence on Defendant's part, and no good cause exists for this request.  Accordingly, FIS's Motion to Extend Deadline should be denied.

PLAINTIFF'S OPPOSITION TO DEFENDANT FIDELITY NATIONAL INFORMATION SERVICES, INC.'S MOTION TO EXTEND DEADLINE TO SERVE INITIAL NON-INFRINGEMENT CONTENTIONS [Dkt. No. 76]

## II.    STANDARD OF REVIEW AND ARGUMENT

Once a Scheduling Order is entered by the Court as is required under Fed. R. Civ. Proc. 16(b)(1), it may only be modified "for good cause and with the judge's consent."  Fed. R. Civ. Proc. 16(b)(4).  The "good cause" standard requires that the schedule cannot "be met despite the diligence of the party seeking the extension."  *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting the Advisory Notes to Fed. R. Civ. Proc. 16).  Where a party has not complied with a deadline, upon a motion by the party, the Court may extend the time to act upon a showing of both good cause and excusable neglect.  Fed. R. Civ. Proc. 6(b)(1)(B).  To demonstrate good cause under Fed. R. Civ. Proc. 16 (the more stringent standard), a party must demonstrate diligence.  *Auto-Owners Ins. Co. v. Ace Elec. Service, Inc.,* 648 F.Supp.2d 1371, 1375 (M.D. Fla. 2009).  After receiving information, the party seeking modification of the schedule must act without delay.  *Id.*  District Courts are accorded considerable discretion to enforce their schedules.  *Sosa,* 133 F.3d at 1418.

A.  FIS Has Not Demonstrated Good Cause To Extend The Deadline To Serve Its Non-Infringement Contentions By Waiting Until They Were Due To Be Served Before Filing Its Motion.

"A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry."  *Lord v. Fairway Elec. Corp.,* 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002).  Such is the situation here.  FIS waited until the day its Preliminary Non-Infringement Contentions (per Dkt. No. 66, January 16, 2014) were due to file its motion, even though the Initial Infringement Contentions had been served on FIS on December 12, 2013.  FIS knew as early as January 3, 2014 that JBTS did not agree with FIS's position.  Dkt. No. 76-7.  Yet FIS chose not to act for almost two weeks.  FIS did not attempt to discuss the merits of its concurrently filed motions as required by Local Rules, until January 13, 2014.  See Exhibit A.

Moreover, nothing stopped FIS from doing the best it could to put together Preliminary Non-Infringement Contentions except its own intractable position. FIS could have served a document caveated with all of its objections and excuses but chose not to do so. As the reason FIS did not comply with this Court's Scheduling Order was completely within its control, diligence cannot be shown. *Auto-Owners Ins. Co.* 648 F.Supp.2d at 1375. Therefore, FIS has failed to demonstrate good cause existed to ignore this Court's Scheduling Order and its Motion to Extend Time should be denied for non-compliance with the requirements of Fed. R. Civ. Proc. 6(b)(1)(B). *See Sosa,* 133 F.3d at 1418. As such, FIS has now effectively waived its position that it does not infringe the Patents-in-Suit.

      B.    **FIS Must Have a Non-Infringement Position Since It Had Filed a Declaratory Judgment Action of Non-Infringement and Invalidity as to All of JBTS's Patent Portfolio Which Requires, at a Minimum, a Rule 11 Investigation and Analysis.**

FIS's allegation that JBTS's Initial Infringement Contentions "are necessary before non-infringement contentions can be served" is disingenuous and untrue for yet another reason. On March 1, 2013, FIS had filed a declaratory judgment action against JBTS seeking adjudication that none of the five (5) patents owned by JBTS were infringed by any of FIS's activities, and further, that all five (5) patents were invalid.[1] FIS is required to have performed a proper Rule 11 investigation prior to filing that lawsuit. This oft-repeated objection by FIS – of FIS's need to receive so-called adequate infringement contentions – was raised by FIS as its basis for not serving full and complete discovery responses, and as a basis for not producing documents that are relevant and discoverable in this case. Plaintiff cited to the incongruity of this objection, in view of its declaratory judgment action, in the context of Plaintiff's earlier-filed Motion to

---

[1] *Fidelity Nat'l Info. Services, Inc. v. Joao Bock Transaction Systems, LLC*, case no. 1:13-cv-01604, N.D. Ill., which was later dismissed and terminated in favor of adjudicating the instant action.

PLAINTIFF'S OPPOSITION TO DEFENDANT FIDELITY NATIONAL INFORMATION SERVICES, INC.'S MOTION TO EXTEND DEADLINE TO SERVE INITIAL NON-INFRINGEMENT CONTENTIONS [Dkt. No. 76]

Compel (Dkt. No. 74, at pp. 17-18).  This argument of FIS still rings hollow when asserted by FIS as a basis for its Motion to Extend Deadline to Serve Initial Non-Infringement Contentions. When further viewed in the context of the law, facts and argument presented in this Opposition, and the concurrently filed Opposition to Defendant's Motion to Compel Patent Infringement Contentions, the argument is akin to the boy who cried "wolf" too many times.

C. FIS's Fundamentally-Flawed Motion Is A Smokescreen For Its Unwillingness To Comply With Its Obligations.

FIS's unwillingness to comply with its obligations under the Federal Rules and this Court's Order continues.  Following its completely inadequate Discovery Responses and Initial Disclosure that required JBTS to file a Motion to Compel (Dkt. No. 74), FIS has now concocted a new tactic.  Instead of complying with this Court's Scheduling Order and serving its Initial Infringement Contentions, FIS now complains that the Initial Infringement Contentions served by JBTS on December 12, 2013 are too complicated to understand.  FIS's rationale is summed up in its statement that "[g]ood cause exists here because FIS's ability to meet the current deadline to serve non-infringement contentions is dependent on JBTS serving adequate PICs in the first instance, which has not been done."  Dkt. No. 76, p. 7.  As elaborated upon in JBTS's Opposition (to be filed contemporaneously herewith) to FIS's companion Motion to Compel Patent Infringement Contentions (Dkt. No. 75), this premise is flawed.[2]  Plaintiff's Initial Infringement Contentions meet the requirements of the Local Patent Rules of the Northern District of Illinois, and specifically, L.P.R. 2.2, as those Rules are adopted for purposes of the

---

[2] JBTS also notes that FIS's two motions (Dkt. Nos. 75 and 76) should have been merged into one to save this Court's time and resources.  There is considerable overlap between the two motions and duplication in the Background information and of the numerous exhibits.  In comparing the headings and substance of the two, JBTS suspects that the two motions were at one time merged together and that FIS split them apart, resulting in additional burden to JBTS and this Court.

PLAINTIFF'S OPPOSITION TO DEFENDANT FIDELITY NATIONAL INFORMATION SERVICES, INC.'S MOTION TO EXTEND DEADLINE TO SERVE INITIAL NON-INFRINGEMENT CONTENTIONS [Dkt. No. 76]

Case Management Plan. See Dkt. No. 66. None of the hearing transcripts cited by Defendant in both motions are negated by fact. Plaintiff's Initial Infringement Contentions contained a detailed technical analysis. As more fully set forth in the concurrently filed Opposition, and assigned Dkt. No. 83. Defendant's excuse for not meeting its discovery obligations is not sufficient under the law. The primary premise of its request for additional time to serve non-infringement contentions is faulty because there is no merit to its argument that Plaintiff's Initial Infringement Contentions are insufficient or lacking in any way.[3]

As the entirety of "Plaintiff's Opposition to Defendant Fidelity National Information Services, Inc.'s Motion to Compel Patent Infringement Contentions" filed on this same day, and assigned Dkt. No. 83, is incorporated by reference in its entirety, Plaintiff respectfully directs the Court to the facts and argument set forth therein, which address the same facts and argument raised by Defendant in the concurrently filed "Motion to Compel Patent Infringement Contentions" (Dkt. No. 75).

## III.    CONCLUSION

The premise of FIS's Motion, that JBTS has not provided enough information for FIS to prepare and serve Preliminary Infringement Contentions, is self-serving and irrelevant. More importantly, because FIS waited until its Preliminary Non-Infringement Contentions were due, FIS has not been sufficiently diligent to show good cause exists to modify this Court's schedule, to which FIS agreed on November 5, 2013 (Dkt. No. 62 - Joint Proposed Case Management

---

[3] Moreover, a party may not excuse its failure to comply with discovery requests or local patent rule requirements by contending that the opposing party has been similarly delinquent with its disclosures. *Thermapure, Inc. v. Giertsen Co. of Illinois, Inc., et al.*, case no. 10-cv-04724, at 2 (N.D. Ill. Sept. 28, 2011).

PLAINTIFF'S OPPOSITION TO DEFENDANT FIDELITY NATIONAL INFORMATION SERVICES, INC.'S
MOTION TO EXTEND DEADLINE TO SERVE INITIAL NON-INFRINGEMENT CONTENTIONS [Dkt. No. 76]

Schedule).   Therefore, FIS's Motion for an extension to serve its Preliminary Non-Infringement

Contentions should be denied.

PLAINTIFF'S OPPOSITION TO DEFENDANT FIDELITY NATIONAL INFORMATION SERVICES, INC.'S
MOTION TO EXTEND DEADLINE TO SERVE INITIAL NON-INFRINGEMENT CONTENTIONS [Dkt. No.
76]

Respectfully submitted February 3, 2014,

*Attorneys for Plaintiff, Joao Bock Transaction Systems, LLC*

/s/ Maureen V. Abbey

Timothy C. Davis, Florida Bar No. 51880
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
Email: tim@hgdlawfirm.com

Jonathan R. Miller, *Pro Hac Vice*
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0863
Facsimile: (205) 547-5506
Email: jmiller@hgdlawfirm.com

Steven W. Ritcheson, *Pro Hac Vice*
HENINGER GARRISON DAVIS, LLC
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: swritcheson@hgdlawfirm.com

Maureen V. Abbey, *Pro Hac Vice*
HENINGER GARRISON DAVIS, LLC
220 St. Paul Street
Westfield, NJ 07090
Telephone: (908) 379-8475
Facsimile: (908) 301-9008
Email: maureen@hgdlawfirm.com

Frank H. Cole, Jr., Florida Nar No. 558249
Eraclides, Gelman, Hall, Indek, Goodman, & Waters, LLC
4811 Atlantic Blvd.
Jacksonville, Florida 32207
Telephone: (904) 306-9955
Facsimile: (904) 306-9951
Email: fcole@eglawjax.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2014, a copy of the foregoing was filed electronically through the Court's CM/ECF system, which caused service upon all counsel registered thereon.


*/s/ Maureen V. Abbey*
Maureen V. Abbey, Esq.