**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOAO BOCK TRANSACTION
SYSTEMS, LLC,

      Plaintiff,

v.                                          Case No:   3:13-cv-223-J-32JRK

FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

      Defendant.

## ORDER

This case is before the Court on the Defendant Fidelity National Information Services, Inc.'s Unopposed Motion to File Under Seal (Doc. 80), filed on January 24, 2014. Upon due consideration, the Court determines that the motion is due to be granted.

Plaintiff has filed a motion to compel Defendant to produce further information as part of its initial disclosures and to respond more fully to Plaintiff's interrogatories and requests to produce.[1] (Doc. 74.) Defendant has responded. (Doc. 78.) In its motion to seal, Defendant states that two of the documents it seeks to submit in support of its response contain confidential information previously marked as "Highly Confidential Outside Attorneys' Eyes Only" pursuant to the Stipulated Protective Order entered on November 29, 2013 in this case. (Doc. 80.) Defendant moves for leave to file these documents under seal.

---

[1] The Court has adopted for purposes of this case only the Local Patent Rules of the Northern District of Illinois. (See Doc. 56; Doc. 66.)

The public has "a common-law right to inspect and copy judicial records and public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). However, "documents filed in connection with motions to compel discovery are not subject to the common-law right of access," but are instead evaluated under the "good cause" standard of Federal Rule of Civil Procedure 26(c). Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001). The "good cause" standard requires the court to: (1) determine whether the parties have presented valid grounds for sealing; and (2) balance the public's interest in access against the parties' interest in confidentiality. Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F.Supp.2d 1353, 1366 (N.D. Ga. 2002). Though a stipulated protective order may provide that documents designated confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order "does not make it so" when it comes to filing the document with the court. Id. at 1362. "[C]onsensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'" Id. Even without a challenge, the judge remains "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record.'" Id. at 1363 (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.1999)).

Though Defendant's motion to seal provides little information about the two documents it seeks to file under seal, the Court finds that there is good cause for Defendant to file them under seal. These technical design specifications likely contain trade secret

2

information regarding certain of the accused banking software products. The documents may be relevant to the Court's consideration of Plaintiff's motion to compel, as Plaintiff contends that Defendant failed to provide sufficient documents and information in its initial disclosures and its responses to Plaintiff's discovery requests (Doc. 74), and Defendant points to these two documents in its response as examples of materials it produced in compliance with its discovery obligations (Doc. 78 at 11). Filing redacted versions or employing some means other than sealing is likely to impair the Court from determining whether Defendant has met its obligations. Finally, the public's interest in this information is outweighed by the interest in preserving the confidentiality of this information at this point.

Accordingly, it is hereby **ORDERED** that Defendant Fidelity National Information Services, Inc.'s Unopposed Motion to File Under Seal (Doc. 80) is **GRANTED**. Defendant shall mail or hand-deliver the materials to be filed under seal to the Clerk. The documents will remain under seal for the earlier of one year from this date or the duration of this litigation, or until further order of the Court.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of February, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies:

Counsel of record