UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOAO BOCK TRANSACTION
SYSTEMS, LLC,

      Plaintiff,

v.                             Case No. 3:13-cv-223-J-32JRK

FIDELITY NATIONAL
INFORMATION SERVICES, INC.,

      Defendant.

## ORDER

On September 2, 2014, the Court set this case for telephone hearing on September 17, 2014 on Fidelity's motion to limit the number of claims asserted (Doc. 98) and its motion for leave to file three motions for summary judgment (Doc. 99). Since then, Fidelity filed a motion to compel production of certain documents it claims are relevant to the question of invalidity (Doc. 103) and a motion to file under seal certain materials in support of the motion to compel (Doc. 104). The Court determines that the telephone motion hearing should therefore be rescheduled to accommodate addressing the motion to compel.

As for the motion to seal, Fidelity refers to and attaches as an exhibit to its motion to compel a set of invalidity contentions from a related case that are marked "Confidential" pursuant to the Stipulated Protective Order entered on November 29, 2013 in this case. Fidelity moves for leave to file this document under seal.

The public has "a common-law right to inspect and copy judicial records and

public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). However, "documents filed in connection with motions to compel discovery are not subject to the common-law right of access," but are instead evaluated under the "good cause" standard of Federal Rule of Civil Procedure 26(c). Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001). The "good cause" standard requires the court to: (1) determine whether the parties have presented valid grounds for sealing; and (2) balance the public's interest in access against the parties' interest in confidentiality. Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F.Supp.2d 1353, 1366 (N.D. Ga. 2002). Though a stipulated protective order may provide that documents designated confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order "does not make it so" when it comes to filing the document with the court. Id. at 1362. "[C]onsensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'" Id. Even without a challenge, the judge remains "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record.'" Id. at 1363 (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.1999)).

  The Court finds that there is good cause to file the materials at issue here under seal. The invalidity contentions from the related matter may at least be illustrative of

2

Fidelity's arguments for an order to compel and may be important for the Court to consider in ruling on the motion. Even though Fidelity relies only the parties' designation of the contentions as confidential, and does not identify the specific information it alleges is confidential, the Court find that these materials likely contain, among other things, trade secret information regarding the design, development, and security of products which themselves may be subject to protective orders from other proceedings. Finally, the public's interest in this information is outweighed by the interest in preserving the confidentiality of this information at this point.

Accordingly, it is hereby

**ORDERED**:

1.     Fidelity's Unopposed Motion to File Under Seal (Doc. 104) is **GRANTED**. Fidelity shall mail or hand-deliver the materials to be filed under seal to the Clerk. The documents will remain under seal for the earlier of one year from this date or the duration of this litigation, or until further order of the Court.

2.     The hearing currently set for September 17, 2014 is **RE-SET** for **TELEPHONE HEARING** on Fidelity's Motion to Limit the Number of Patent Claims Asserted for Summary Judgment Briefing (Doc. 98) and Fidelity's Motion Under Local Rule 3.01(d) for Leave to File Multiple Summary Judgment Motions or, in the Alternative, to Exceed Page Limits (Doc. 99), and Fidelity's Motion to Compel Production of Invalidity Documents and Response to Invalidity Interrogatory (Doc. 103) on **October 24, 2014**, at **10:00 a.m.**, before the undersigned.  Counsel for

Fidelity shall arrange for a teleconference and provide the dial-in information to the Court and counsel for Joao Bock in advance of the hearing.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of September, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies:

Counsel of record