**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOAO BOCK TRANSACTION
SYSTEMS, LLC,

      Plaintiff,

v.                                                Case No. 3:13-cv-223-J-32JRK

FIDELITY NATIONAL
INFORMATION SERVICES, INC.,

      Defendant.

## **O R D E R**

      This case is before the Court on the Defendant Fidelity National Information Services, Inc.'s Unopposed Motion to File Under Seal (Doc. 125), filed on January 12, 2015. In the motion, defendant seeks to file under seal as exhibits to its motion for summary judgment infringement contentions obtained from another case and invalidity and validity contentions from this case, each of which was labeled "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order entered on November 29, 2013 (Doc. 80). Plaintiff does not oppose filing these documents under seal.

      The public has "a common-law right to inspect and copy judicial records and public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). "[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in

connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001). The public's right of access to judicial records may be overcome, however, by a showing of good cause by the party seeking protection. See id. at 1313; see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re Alexander, 820 F.2d at 356.

If good cause has been shown, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. Chicago Tribune Co., 263 F.3d at 1313. In balancing these interests:

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents

Romero, 480 F.3d at 1246 (citations omitted). Though a stipulated protective order may provide that documents designated confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order "does not make it so" when it comes to filing the document with the court. Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002). "[C]onsensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'" Id. Even without a challenge, the judge remains "the primary representative of the public interest in the

judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record.'" Id. at 1363 (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.1999)).

To aid the court in its review, Local Rule 1.09 requires any motion to seal to provide: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. M.D. Fla. R. 1.09(a).

The Court finds that the motion is due to be granted. For the same reasons as it has with respect to earlier motions to seal, the Court finds good cause for filing the invalidity and infringement contentions under seal as they contain trade secret information regarding the accused and other banking software products. These materials are relevant to the Court's consideration of the motion for summary judgment, and no other means short of filing under seal is likely to allow the Court to rule on summary judgment while protecting the information. Finally, the public's interest in this information is outweighed by the interest in preserving the confidentiality of this information at this point.

Accordingly, it is hereby **ORDERED** that Defendant Fidelity National Information Services, Inc.'s Unopposed Motion to File Under Seal (Doc. 125) is

**GRANTED**. Defendant shall mail or hand-deliver the materials to be filed under seal to the Clerk. The documents will remain under seal for the earlier of one year from this date or the duration of this litigation, or until further order of the Court.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of February, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies:

Counsel of record