# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JOAO BOCK TRANSACTION
SYSTEMS, LLC,

        Plaintiff,

                                 Case No. 3:13-cv-00223-TJC-JRK

vs.

FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

        Defendant.

_____

## DEFENDANT FIDELITY NATIONAL INFORMATION SERVICES, INC.'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

I.    INTRODUCTION ..................................................................................................1

II.   FACTUAL BACKGROUND ................................................................................3

    A.   From the commencement of the instant action, JBTS has knowingly asserted claims equivalent in scope to those invalidated in the *Sleepy Hollow* action in 2010 and later affirmed invalid on appeal.................................3

        (1)  The '725 Patent claims were invalidated in July 2010. ..............................3

        (2)  The invalidated '725 Patent claims are equivalent to claims asserted against FIS. .......................................................................................3

    B.   Despite JBTS's voluntary dismissal with prejudice of the '270 Patent in the *Schwab* action in 2013, and recognition of the invalidity of those claims, JBTS went on to knowingly assert against FIS claims of equivalent scope to those dismissed in the *Schwab* action. ....................................................................6

        (1)  In the *Schwab* action, all causes of action involving the '725 Patent and the '270 Patent were dismissed with prejudice based on admissions by JBTS as to their invalidity....................................................6

        (2)  The dismissed '270 Patent claims of the *Schwab* action are nevertheless asserted in this action against FIS. ..........................................7

    C.   Despite the claims of the '003 Patent being rendered invalid in the *Jack Henry* action, JBTS continues to knowingly assert against FIS claims of the '003 Patent and claims of the '270 Patent of equivalent scope to those invalidated in the *Jack Henry* action.................................................................10

        (1)  In the *Jack Henry* action, the '003 Patent claims were invalidated under 35 U.S.C. §101................................................................................10

        (2)  JBTS continues to assert claims from the '003 Patent in this action against FIS. ....................................................................................11

    D.   FIS has given JBTS numerous opportunities to dismiss this action and avoid sanctions.............................................................................................13

III.  MEMORANDUM OF LAW .............................................................................15

    A.   Filing or maintaining a lawsuit that is knowingly without merit gives rise to sanctions under Rule 11 and 28 U.S.C. § 1927. ...............................................15

    B.   JBTS has knowingly brought and maintains litigation against FIS in violation of Rule 11 and § 1927..........................................................................17

    C.   JBTS should be subjected to sanctions for its bad faith assertions in this lawsuit.........................................................................................................19

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alice Corp. v. CLS Bank Int'l,*
134 S.Ct. 2347 (2014) ................................................................................10, 11

*Alyeska Pipeline Service Co. v. Wilderness Society,*
421 U.S. 240 (1975) ...........................................................................................16

*Avirgan v. Hull,*
932 F.2d 1572 (11th Cir. 1991) .........................................................................16

*Baker v. Alderman,*
158 F.3d 516 (11th Cir. 1998) ...........................................................................16

*Baker v. Krout,*
2013 U.S. Dist. LEXIS 118695 (M.D. Fla. July 18, 2013)................................15

*Boler v. Space Gateway Support Co. LLC,*
290 F. Supp. 2d 1272 (M.D. Fla. 2003) ............................................................16

*Chambers v. Nasco, Inc.,*
501 U.S. 32 (1991)..............................................................................................17

*Diego, Inc. v. Audible, Inc.,*
505 F.3d 1362 (Fed. Cir. 2007)..........................................................................15

*Foster v. Michelin Tire Corp.,*
108 F.R.D. 412, 415 (C.D. Ill. 1985) .................................................................16

*Fox v. Arcadia State Bank,*
937 F.2d 1566 (11th Cir. 1991) .........................................................................15

*Hughes v. Novi American, Inc.,*
724 F.2d 122 (Fed. Cir. 1984)............................................................................19

*Joao Bock Transaction Sys., LLC v. Barrington Bank & Trust Company, et al.,*
No. 1:11-cv-006472 (N.D. Ill. Sept. 15, 2014) ..................................................20

*Joao Bock Transaction Sys., LLC v. Charles Schwab & Co., Inc.,*
No. 5:13-cv-00693-LHK (N.D. Cal. Aug. 17, 2012).................................. *passim*

*Joao Bock Transaction Sys., LLC v. Jack Henry & Associates, Inc.*,
    No. 1:12-01138-SLR (D. Del. Sept. 14, 2012) ............................................................ *passim*

*Joao Bock Transaction Sys., LLC v. Sleepy Hollow Bank*,
    445 Fed. Appx. 359 (Fed. Cir. 2011) ................................................................................1, 3

*Joao Bock Transaction Sys., LLC v. USAmeribank, et al.*,
    No. 8:11-cv-00887 (M.D. Fla. Apr. 22, 2011) ..................................................................20

*Joao v. Sleepy Hollow Bank and Jack Henry & Assoc., Inc.*,
    No. 7:03-cv-10199 (S.D.N.Y. Dec. 24, 2003) ........................................................ *passim*

*Judin v. United States*,
    110 F.3d 780 (Fed. Cir. Apr. 3, 1997) ..............................................................................19

*Massengale v. Ray*,
    267 F.3d 1298 (11th Cir. 2001) ........................................................................................15

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008)...............................................................................5, 10, 17

*Phonometrics, Inc. v. Econ. Inns of Am.*,
    349 F.3d 1356 (Fed. Cir. Nov. 21, 2003) ..................................................................15, 19

*Pierce v. Commercial Warehouse*,
    142 F.R.D. 687 (M.D. Fla. 1992)..................................................................................15, 19

*Ruszala v. Walt Disney World Co.*,
    132 F. Supp. 2d 1347 (M.D. Fla. 2000)........................................................................15, 16

*Soverain Software LLC v. Newegg Inc.*,
    705 F.3d 1333 (Fed. Cir. 2013)................................................................................5, 10, 17

*View Eng'g Inc. v. Robotic Vision Sys., Inc.*,
    208 F.3d 981 (Fed. Cir. 2000).............................................................................................19

**Statutes**

28 U.S.C. § 1927 ........................................................................................................ *passim*

35 U.S.C. § 101 ........................................................................................................ *passim*

35 U.S.C. § 102 .................................................................................................................1, 3

35 U.S.C. § 103 .................................................................................................................1, 3

35 U.S.C. §285 ...............................................................................................................14, 19

**Other Authorities**

Fed. R. Civ. P. 11(b) ................................................................................................ *passim*

Local Rule 3.01(d) ...........................................................................................................19

Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and 28 U.S.C. § 1927, Defendant Fidelity National Information Services, Inc. ("FIS") hereby files this Motion for Sanctions as follows:

## I.      INTRODUCTION

Joao Bock Transaction Systems, LLC ("JBTS") is an entity solely focused on filing serial litigation for the purpose of obtaining nuisance value settlements. JBTS has filed over 33 patent infringement lawsuits against over 80 parties, alleging infringement of one or more of its patents, i.e., U.S. Patent No. 6,529,725 (the "'725 Patent"), and the patents asserted in this case, U.S. Patent Nos. 6,047,270 (the "'270 Patent") and 7,096,003 (the "'003 Patent") ("the Asserted Patents," together with the '725 Patent, the "JBTS Patents").[1] Of those lawsuits, only two have reached a judgment. In both instances, the patents were found invalid.

In 2003, JBTS sued Sleepy Hollow Bank ("Sleepy Hollow") and Jack Henry & Associates ("Jack Henry") in the Southern District of New York ("the *Sleepy Hollow* action").[2] A jury in that case found claims of the patent-in-suit, the '725 Patent, invalid under 35 U.S.C. §§ 102 and 103.[3] That finding of invalidity was later affirmed by the Federal Circuit.[4]

Notwithstanding this defeat in the *Sleepy Hollow* action, JBTS continued its harassing litigation strategy by suing Jack Henry yet again in 2012, only this time bringing suit in the

---

[1] *See* List of lawsuits brought by JBTS as of 01/20/15 (attached hereto as Ex. A).
[2] *See Joao v. Sleepy Hollow Bank and Jack Henry & Assoc., Inc.*, No. 7:03-cv-10199 (S.D.N.Y. Dec. 24, 2003).
[3] *See* J., the *Sleepy Hollow* action, (July 21, 2010), ECF No. 228 (a true and correct copy is attached hereto as Ex. B).
[4] *See* J., *Joao Bock Transaction Sys., LLC v. Sleepy Hollow Bank*, 445 Fed. Appx. 359, 359 (Fed. Cir. 2011) (a true and correct copy is attached hereto as Ex. C).

District of Delaware ("the *Jack Henry* action"). [5]   In that action, JBTS asserted the '003 Patent, which claims priority from and covers virtually identical subject matter as the '725 Patent.  This time, in December 2014, the Delaware court granted summary judgment in favor of Jack Henry, holding that the asserted claims of the '003 Patent are invalid under 35 U.S.C. § 101 as being drawn to unpatentable subject matter. [6]

Unlike the vast majority of JBTS's targets, FIS, like Jack Henry, has refused to simply pay JBTS a nuisance-value, cost-of-defense settlement.  Instead, FIS has maintained that this suit was brought in bad faith because JBTS knew the subject matter of the Asserted Patents was invalid.  FIS repeatedly gave JBTS notice that its conduct violated Rule 11 and 28 U.S.C. § 1927.  FIS even offered a dismissal without prejudice while JBTS pursued any appellate rights in response to the latest dispositive invalidity ruling from the District of Delaware.  At every turn, however, JBTS has refused to dismiss this action and has continued to assert claims that it has even admitted to be invalid in other proceedings.  As a result, FIS has been required to, among other things, re-litigate issues of invalidity that have already been determined.

JBTS's unnecessary duplication of legal proceedings and bad faith litigation conduct warrant the sanctions requested herein.  FIS respectfully requests that this matter be dismissed with prejudice, and that JBTS and its counsel be ordered to reimburse FIS for its attorneys' fees and costs incurred in defending against JBTS's infringement claims.

---

[5] *See Joao Bock Transaction Sys., LLC v. Jack Henry & Associates, Inc.*, No. 1:12-01138-SLR (D. Del. Sept. 14, 2012).
[6] Mem. Order, the *Jack Henry* action (Dec. 15, 2014), ECF No. 238 (a true and correct copy is attached hereto as Ex. D).

## II.    FACTUAL BACKGROUND

**A.**    **From the commencement of the instant action, JBTS has knowingly asserted claims equivalent in scope to those invalidated in the *Sleepy Hollow* action in 2010 and later affirmed invalid on appeal.**

### (1)    The '725 Patent claims were invalidated in July 2010.

JBTS was made aware as early as July 2010 that this lawsuit was without merit.  In particular, JBTS brought suit against Jack Henry, among others, claiming infringement of the invalidated '725 Patent.  The '725 Patent is the parent of the '003 and '270 Patents asserted in this matter, and as shown below, the subject of these patents is virtually identical.  The *Sleepy Hollow* action was ultimately tried to a jury, and the jury determined that the subject matter at issue was invalid under numerous statutory provisions, including 35 U.S.C. §§ 102(a), 102(b), 102(e), and 103.[7]  Indeed, the jury determined that the claims JBTS selected to present at trial, i.e., claims 108, 109, 267, 280, 293, and 294, were deemed anticipated by no less than five prior art references.[8]  The Federal Circuit subsequently affirmed the jury's determination of invalidity in all respects.[9]

### (2)    The invalidated '725 Patent claims are equivalent to claims asserted against FIS.

While JBTS has not asserted the '725 Patent against FIS, the invalidated '725 Patent claims are directed to essentially the same subject matter as the claims asserted in this action ("Asserted Claims").  In comparing the invalidated '725 Patent claims with the Asserted Claims, it is clear that there are no meaningful substantive differences:  they are all directed to a transaction security apparatus and a method of providing account security.  For example,

---

[7] *See* J., the *Sleepy Hollow* action, Ex. B.
[8] *Id.*
[9] J., the *Sleepy Hollow* action, Ex. C.

as illustrated in Table 1 below, the invalidated '725 Patent claim 109 is substantively the same, if not identical, to the '003 Patent Asserted Claim 101.

| Invalidated Claim 109 of the '725 Patent | Asserted Claim 101 of the '003 Patent |
|---|---|
| 108.  A  transaction  security  apparatus, comprising: | 100.  A  transaction  security  apparatus, comprising: |
| a memory device for storing a limitation or restriction regarding a banking transaction, | a  memory  device,  wherein  the  memory devise stores a limitation or restriction on a use of an account, |
| wherein  the  limitation  or  restriction prohibits a withdrawal from at least one of a checking account, a savings account, and an automated  teller  machine  account,  or prohibits use of at least one of a checking account,  a  savings  account,  and  an automated teller machine account, | wherein  the  account  is  at  least  one  of  a credit card account, a charge card account, a debit card account, a currency card account, a "smart " card account, a checking account, a savings account, and an automated teller machine account, |
| wherein  the  limitation  or  restriction  is transmitted  to  a  receiver  from  a communication device associated with an individual account holder, | wherein  the  limitation  or  restriction  is transmitted from a communication device associated  with  an  individual  account holder, and further wherein the limitation or restriction is transmitted to a receiver on or over **at least one of the Internet and the World Wide Web**, |
| wherein  the  limitation  or  restriction  is automatically received by the receiver, | wherein  the  limitation  or  restriction  is automatically received by the receiver, |
| and  further  wherein  the  limitation  or restriction is automatically stored in the memory device; and | and  further  wherein  the  limitation  or restriction  is  automatically  stored  in  the memory device; |
| a central processing device for processing information  regarding  a  banking transaction, | a processing device, wherein the processing device processes an authorization request for a transaction on the account, |
| wherein  the  central  processing  device utilizes  the  limitation  or  restriction automatically stored in the memory device in processing the banking transaction, | wherein  the  processing  device  utilizes  the limitation or restriction automatically stored in  the  memory  device  in  processing  the authorization request, |
| and further wherein the central processing device  generates  a  signal  containing information for allowing or disallowing the banking transaction. | wherein the processing device generates a first  signal  containing  information  for authorizing or disallowing the transaction, and further wherein the processing device generates  a  second  signal  containing information regarding the transaction; and |

| | |
|---|---|
| 109. The apparatus of claim 108, further comprising: a transmitter for transmitting a second signal to a communication device associated with an individual account holder, wherein the communication device receives the second signal, and further wherein the second signal contains information regarding the banking transaction. | a transmitter, wherein the transmitter transmits the second signal to the communication device or to a second communication device associated with the individual account holder, wherein the second signal is transmitted to the communication device or to the second communication device in real-time. |
| | 101. The apparatus of claim 100, wherein the second signal is transmitted **on or over at least one of the Internet and the World Wide Web**. |

Table 1

The only difference between the invalidated '725 Patent claim 109 and the '003 Patent Asserted Claim 101 is that the '003 Patent Asserted Claim 101 recites that signals are transmitted "on or over at least one of the Internet and the World Wide Web." Such a minor and obvious difference does not make the '003 Patent Asserted Claim 101 any more patentable than the invalidated '725 Patent claim 109. *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1327 (Fed. Cir. 2008) (finding that "adapting existing electronic processes to incorporate modern internet and web browser technology was similarly commonplace"); *Soverain Software LLC v. Newegg Inc.*, 705 F.3d 1333, 1340 (Fed. Cir. 2013) (finding invalid a patent on system "adapted to the Internet, whereas the [prior art] CompuServe Mall operated on a pre-Internet network.")

The subject matter of all Asserted Claims is substantively the same, if not identical, to the invalidated claims of the '725 Patent.[10]

---

[10] *See* App. A of Fidelity National Information Services, Inc.'s Final Invalidity Contentions, Nov. 17, 2014, at 1220-1254 (a true and correct copy is attached as Ex. E); App. B of Fidelity National Information Services, Inc.'s Final Invalidity Contentions, Nov. 17, 2014, at 2130-2194 (a true and correct copy is attached as Ex. F).

**B.     Despite JBTS's voluntary dismissal with prejudice of the '270 Patent in the _Schwab_ action in 2013, and recognition of the invalidity of those claims, JBTS went on to knowingly assert against FIS claims of equivalent scope to those dismissed in the _Schwab_ action.**

> **(1)     In the _Schwab_ action, all causes of action involving the '725 Patent and the '270 Patent were dismissed with prejudice based on admissions by JBTS as to their invalidity.**

After every asserted claim of the '725 Patent was invalidated in the _Sleepy Hollow_ action, JBTS asserted the JBTS Patents against Charles Schwab in an action that was transferred to the Northern District of California.  _Joao Bock Transaction Sys., LLC v. Charles Schwab & Co., Inc._, No. 5:13-cv-00693-LHK (N.D. Cal. Aug. 17, 2012) ("the _Schwab_ action").   After Schwab's invalidity contentions were served, however, JBTS's counsel, Steven Ritcheson, conceded that all pending claims of the '725 Patent as well as the '270 Patent were invalid in view of the prior art contained in those contentions[11]:

> The Court:  I see.  So you're dropping those patents because of the invalidity contentions that were served on October 25th?  Is that what happened?
>
> Mr. Ritcheson:  Your Honor, in essence, that really is it.  Rather than fight fights that are going to be potentially damaging, frankly, and time consuming, we want to focus on those claims that we're going to win on.

As a result, the '725 and '270 Patents were dismissed in their entirety with prejudice in November 2013[12] and the California Court referred to the dismissed claims as "junk claims."[13]

And JBTS has not asserted those patents since that time.   Yet, JBTS maintains the '270 Patent in this action.

---

[11] Hr'g Tr. at 11:16-22, the _Schwab_ action (N.D. Cal. Nov. 20, 2013) (a true and correct copy is attached hereto as Ex. I).

[12] _See_ Stip. Dismissal of Count I and Count II of the First Am. Compl., the _Schwab_ action (N.D. Cal. Nov. 26, 2013) (a true and correct copy is attached hereto as Ex. J).

[13] Hr'g Tr. at 32:14-15, the _Schwab_ action, Ex. I.

After JBTS dismissed all of its '725 and '270 Patent claims, it identified a total of ten claims from the '003 Patent.  Of these ten claims, the Court struck seven,[14] leaving JBTS with only three claims asserted against Schwab.[15]  Judge Koh expressly admonished JBTS for its bad-faith litigation conduct:[16]

> [p]laintiff's litigation conduct is especially disappointing in light of the fact that the Southern District of New York Court previously found other claims of Plaintiff's '725 patent invalid, and the Federal Circuit affirmed this invalidity finding in 2011.

Judge Koh further warned JBTS's counsel of potential consequences if it were found that JBTS asserted invalid claims in bad faith.  Specifically, Judge Koh urged that "as an officer of the court, you also have a Rule 11 obligation,"[17] and that "if I find out that you haven't raised these [patent claims] in good faith, then there may be attorneys' fees."[18] Judge Koh then set a schedule to determine the invalidity of the '003 Patent early in the proceeding.  But JBTS quickly settled the matter before the '003 Patent could be invalidated in that Court.

### (2)   The dismissed '270 Patent claims of the *Schwab* action are nevertheless asserted in this action against FIS.

Despite the November 2013 dismissal of invalid patents and claims in the *Schwab* action, immediately after such dismissal, JBTS asserted fifteen of the dismissed claims against FIS.[19]  Specifically, on December 12, 2013, JBTS asserted claims 1, 3, 9, 20-23, 31,

---

[14] *See* Min. Order and Case Management Order, the *Schwab* action (Jan. 8, 2014), ECF No. 71 (a true and correct copy is attached hereto as Ex. K).
[15] Claims 127, 343, and 346 of the '003 Patent.
[16] Min. Order and Case Management Order, the *Schwab* action, Ex. K.
[17] Hr'g Tr. at 22:19-20, Ex. I.
[18] *Id*. at 23:17-19.  The The California Court further emphasized that "if [JBTS was] not asserting, in good faith, patents that are valid, then there should be consequences in court." *Id.* at 22:19-20.
[19] A total of 61 claims were asserted against FIS until JBTS was ordered by the Court to reduce it to 25 claims.

and 65-67 of the '270 Patent and claims 317, 324, 336, 343, and 346 of the '003 Patent against FIS.[20] All but one of those claims were either voluntarily dismissed with prejudice by JBTS (claims 1, 3, 9, 20-23, 31, and 65-67 of the '270 Patent), voluntarily withdrawn by JBTS (claim 317 of the '003 Patent), or were struck by the California court (claims 324, 336, and 346 of the '003 Patent). JBTS maintained assertion of these dismissed claims against FIS until it was ordered by the present Court to reduce the number of asserted claims to 25.

Even after the reduction, two of the '270 Patent claims and two of the '003 Patent claims that were dismissed with prejudice or withdrawn in the *Schwab* action are still being asserted against FIS.[21] And the remaining 21 claims asserted against FIS do not meaningfully add to the subject matter of the claims that were dismissed with prejudice in the *Schwab* action. For example, as provided in Table 2 below, the '270 Patent claim 9, which was dismissed with prejudice in the *Schwab* action, is almost identical to the '003 Patent Asserted Claim 104, which is dependent on claim 102.

---

[20] *See* Pl.'s Disclosure of Asserted Claims and Initial Infringement Contentions, Dec. 12, 2013 (a true and correct copy is attached as Ex. L).
[21] Two '270 Patent claims 20 and 21, and two '003 Patent claims 336 and 346.

| Invalidated Claim 9 of the '270 Patent | Asserted Claim 104 of the '003 Patent |
|---|---|
| 9. A method for providing account security, comprising: | 102. A transaction security apparatus, comprising: |
| receiving one of a limitation and a restriction on usage of an electronic money account, wherein said one of a limitation and a restriction are received from an account holder; | . . . wherein the limitation or restriction is transmitted from a communication device associated with an individual account holder, and further wherein the limitation or restriction is transmitted to a receiver on or **over at least one of the Internet and the World Wide Web**, wherein the limitation or restriction is automatically received by the receiver, |
| storing said one of a limitation and a restriction; | a memory device, wherein the memory device stores a limitation or restriction on a use of an account, . . . and further wherein the limitation or restriction is automatically stored in the memory device; and |
| processing a transaction on the electronic money account in conjunction with said one of a limitation and a restriction; and | a processing device, wherein the processing device processes an authorization request for a transaction on the account, wherein the processing device utilizes the limitation or restriction automatically stored in the memory device in processing the authorization request, |
| generating a first signal, wherein said first signal contains information for one of approving and disapproving the transaction. | and further wherein the processing device generates a signal containing information for authorizing or disallowing the transaction. |
|  | 104. The apparatus of claim 102, wherein the account is a **debit card account or a currency card account**. |

Table 2

The minor differences between the previously dismissed claims still being asserted and the other 21 asserted claims—such as, for example, "the limitation or restriction is transmitted to a receiver on or over at least one of the Internet and the World Wide Web," and "the account is a debit card account or a currency card account"—are only minor and obvious differences that do not make the '003 Patent Asserted Claims any more patentable

9

than the '270 Patent claims that have been dismissed with prejudice.  *See Muniauction, Inc.*, 532 F.3d at 1327;  *Soverain Software LLC*, 705 F.3d at 1340.

**C.**  **Despite the claims of the '003 Patent being rendered invalid in the *Jack Henry* action, JBTS continues to knowingly assert against FIS claims of the '003 Patent and claims of the '270 Patent of equivalent scope to those invalidated in the *Jack Henry* action.**

    **(1)**  **In the *Jack Henry* action, the '003 Patent claims were invalidated under 35 U.S.C. §101.**

In a related lawsuit, on December 15, 2014, Judge Robinson of the United States District Court for the District of Delaware ruled that each of the twelve claims of the '003 Patent asserted against Jack Henry & Associates, Inc. were invalid under 35 U.S.C. § 101.[22]  The Court described the subject matter of the '003 Patent as being directed to:[23]

> an apparatus and a method for the real-time authorization, notification and/or security of financial transactions involving credit cards, charge cards, debit cards, and/or currency or "smart cards that enable a cardholder to monitor, in real-time, all activity involving his or her card(s) and the corresponding account numbers.  The invention adds transaction security by allowing interaction between the central processing computer and a communication device to enable the point-of-sale terminal operator or the card holder to allow or deny a transaction using the communication device over a communications network.

Relying on *Alice Corp. v. CLS Bank Int'l*, the Court found all of the asserted claims drawn to patent-ineligible subject matter for reciting only an abstract business practice carried out using generic computer components.  134 S.Ct. 2347 (2014).  Under the first step of the *Alice* framework, the Court determined that the invalidated '003 Patent claims are directed to an abstract idea, namely, a "conventional business practice utilized by bankers or

---

[22] *See* Mem. Order, the *Jack Henry* action, Ex. D.
[23] *Id*. at 2.

financial institutions in their dealings with individual account holders . . ."[24]   Under the

second step of the *Alice* framework, the Delaware court next determined that the '003 Patent

in practice amounts to a patent upon the ineligible idea itself.[25]   Thus, "[a]llowing the

asserted claims to survive would tie up any innovation related to performing banking

transactions on computers which would, in turn, monopolize the 'abstract idea.'"[26]

JBTS admitted that it "did not invent the computer components or the banking

software" recited in the invalidated '003 Patent claims.[27]   And the Delaware court found that

such computer components were only "employed for basic functions, including storage,

transmitting and receiving information" and were not "specific" or "special purpose"

computers.[28]   The court further determined that the inclusion of various limitations[29] in

dependent claims of the '003 Patent "do not limit the claims in such a way that the 'abstract

idea' is meaningfully limited."[30]   As a result, the Delaware court granted the defendants'

motion for summary judgment on invalidity under 35 U.S.C. § 101.

> (2)   **JBTS continues to assert claims from the '003 Patent in this action against FIS.**

There is no substantive difference between the claims asserted here and those

rendered invalid in the *Jack Henry* action.   For example, JBTS now asserts the '003 Patent

---

[24] *Id*. at 14.

[25] *Id.* at 14-18.

[26] *Id*. at 17.

[27] *Id*. at 14.

[28] *Id*. at 15.

[29] Adding a transmitter to send a second signal to a communication device with information regarding the banking transaction (*see* claims 31, 106); adding a transmitter which transmits an email message with information to a network computer and/or communication devices (*see* claim 34); requiring an Internet transaction (*see* claim 324); requiring the communication device to be a wireless device (*see* claims 343, 416); describing a certain limitation or restriction type (*see* claim 122); and requiring that the processing device evaluate a hold and prohibit a withdrawal for a checking account, a savings account, or an automated teller machine account (*see* claim 422).

[30] *Id* at 17-18.

Asserted Claim 117, which is dependent on the invalidated '003 Patent claim 102.  The only minor difference between the asserted claim 117 and the invalidated claim 102 of the '003 Patent is that claim 117 further discloses a transmitter for transmitting an electronic mail message.  As shown below, the District of Delaware already invalidated claim 34 of the '003 Patent that includes this same transmitter.[31]

| The '003 Patent Asserted Claim 117 | Invalidated Claims of the '003 Patent |
| --- | --- |
| Claim 117 (dependent on claim 102): | Claim 102 (independent claim) + claim 34 (dependent on claim 30): |
| **#102**: Claim 102 was invalidated in its entirety in D. Del. | **#102**:  Claim 102 was invalidated in its entirety in D. Del. |
| **#117:** a transmitter, wherein the transmitter transmits an electronic mail message to at least one of a network computer, the communication device, and a second communication device associated with the individual account holder, wherein the electronic mail message contains information regarding the transaction. | **#34:** a transmitter, wherein the transmitter transmits an electronic mail message to at least one of a network computer, the communication device, and a second communication device associated with the individual account holder, wherein the electronic mail message contains information regarding the *banking* transaction. |

Table 3

JBTS has also contended that the '003 Patent Asserted Claims are distinguishable because they claim elements such as "at least one of the Internet and World Wide Web," "wireless device," and "electronic mail message," in support of its improper contention that somehow such claim elements make this case distinguishable from the *Jack Henry* action.[32] But as JBTS knows, in addressing the various claim elements present in the dependent claims of the '003 Patent, Judge Robinson expressly held that their inclusion "do not serve to limit

---

[31] The only difference between the '003 Patent Asserted Claim 117 and invalidated claim 34 of the '003 Patent is the modifier "banking."

[32] *Id*. at 15 and 17-18.

the claims in such a way that the 'abstract idea' is meaningfully limited."[33]  Judge Robinson

and many other courts have ruled that pre-existing generic components being used for their

intended purpose to implement an abstract idea do not save a patent from being invalid under

§ 101.[34]  There is thus no additional subject matter in the '003 Patent Asserted Claims that

would meaningfully limit the claimed abstract idea of the invalidated '003 Patent claims.

With regard to the '270 Patent Asserted Claims, their scope is broader than those of the

'003 Patent.  Thus, for the same reasons, the '270 Patent Asserted Claims are directed to

patent-ineligible subject matter.

**D.**   **FIS has given JBTS numerous opportunities to dismiss this action and avoid sanctions.**

In view of the decision from the *Sleepy Hollow* action and JBTS's admission of

invalidity in the *Schwab* action, on January 16, 2014, FIS sent a letter to JBTS putting it on

notice that this lawsuit is frivolous, and that FIS would seek sanctions if necessary.[35]  In

response, JBTS's counsel, Steven Ritcheson described FIS's concerns as, among other

things, "unreasonably confrontational," "cannot be taken seriously," and "farcical."[36]  FIS

further provided JBTS detailed charts with its invalidity contentions comparing the invalid

claims with those asserted here, showing that there are no substantive differences.[37]  JBTS

did not provide any substantive response to those charts.

Because JBTS continued to pursue this matter, on June 27, 2014, FIS again wrote

JBTS, explaining that the continued maintenance of this suit was a violation of Rule 11 and

---

[33] *Id*. at 17-18.
[34] *Id*.
[35] Letter from Flaim to Ritcheson of 1/16/14 (a true and correct copy  is attached hereto as Ex. M).
[36] Letter from Ritcheson to Flaim of 1/17/14 (a true and correct copy is attached hereto as Ex. N).
[37] *See* Exs. E-H.

28 U.S.C. § 1927.[38]   In response, JBTS's counsel, Jonathan Miller, wrote that "your letter gave us all something to chuckle about."[39]   Again, however, JBTS did not provide any substantive response.

While JBTS was chuckling, the court in the *Jack Henry* action invalidated claims of the '003 Patent as being directed to unpatentable subject matter.[40]   The Delaware Court is currently considering *Jack Henry*'s motion for attorneys' fees and expenses under 35 U.S.C. §285 based on JBTS's ruthless pursuit of meritless claims in that action.[41] Following the invalidity order in the *Jack Henry* action, FIS once again wrote JBTS to put it on notice of its ongoing violations of Rule 11 and § 1927.[42]   In this letter, FIS expressly offered JBTS the option of dismissing this action with prejudice or dismissing it without prejudice, pending the outcome of any appeal of the Delaware court's decision to invalidate the '003 Patent.[43]   JBTS, however, continues to maintain this action without legal or factual justification.[44]   As a result, FIS brings this motion, and respectfully requests that the relief sought herein be granted in its entirety.

---

[38] Letter from Rankin to Miller of 6/27/14 (a true and correct copy is attached hereto as Ex. O).
[39] Letter from Miller to Rankin of 7/21/14 (a true and correct copy is attached hereto as Ex. P).
[40] *See* Mem. Order, the *Jack Henry* action, Ex. D.
[41] *See* Def.'s Mem. of Law in Supp. of its Application for Att'y Fees and Expenses, the *Jack Henry* action, ECF No. 255.
[42] Letter from Flaim to Ritcheson of 12/19/14 (a true and correct copy is attached hereto as Ex. Q).
[43] *Id.*
[44] Letter from Miller to Flaim of 1/9/2015 (a true and correct copy is attached here to as Ex. R).

### III.    MEMORANDUM OF LAW

**A.**    <u>Filing or maintaining a lawsuit that is knowingly without merit gives rise to</u>
<u>sanctions under Rule 11 and 28 U.S.C. § 1927.</u>

Under Rule 11 a party has an obligation to ensure both before and after a lawsuit is
filed that it is well founded in both law and fact.  Fed. R. Civ. P. 11(b); *Pierce v. Commercial
Warehouse*, 142 F.R.D. 687, 690 (M.D. Fla. 1992).   When a party fails to meet those
obligations, courts have discretion to impose sanctions under Rule 11 and have done so under
at least the following circumstances, which exist in this matter: (1) a party files a pleading
that has no reasonable factual basis; (2) the party files a pleading that is based on a legal
theory that has no reasonable chance of success and that cannot be advanced as a reasonable
argument to change existing law; or (3) the party files a pleading in bad faith for an improper
purpose.  *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001).   Further, a party's
obligations under Rule 11 continue to run even after the filing of a lawsuit.
*See Phonometrics, Inc. v. Econ. Inns of Am.*, 349 F.3d 1356, 1361-1362 (Fed. Cir.
Nov. 21, 2003) (the "1993 amendment to Rule 11 emphasizes an attorney's continuing
obligations to make inquiries, and thus the rule allows sanctions when an attorney continues
'insisting upon a position after it is no longer tenable.'").

When a motion for Rule 11 sanctions is filed, the burden shifts to the offending party,
and the Court employs an objective standard to determine whether the non-movant's conduct
is reasonable under the circumstances.  *Diego, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368
(Fed. Cir. 2007); *Baker v. Krout*, 2013 U.S. Dist. LEXIS 118695 at *11 (M.D. Fla.
July 18, 2013) (*citing Fox v. Arcadia State Bank*, 937 F.2d 1566, 1569-70 (11th Cir. 1991));
*see also Ruszala v. Walt Disney World Co.*, 132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000).

The Court is to inquire whether: (1) a party has asserted claims that are objectively frivolous; and (2) the party should have been aware that they were frivolous. *Ruszala* at 1351 (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).   An action, such as this one, is "frivolous" if it is so lacking in arguable merit to be groundless or without foundation. *Id.* at 1350.   Upon finding a party in violation of Rule 11, the Court must impose sufficient sanctions to deter repetition of the improper conduct, which may include dismissal of the offending pleading and the award of attorneys' fees and costs incurred as a result of the violation. *Foster v. Michelin Tire Corp.*, 108 F.R.D. 412, 415-416 (C.D. Ill. 1985).

Similarly, under 28 U.S.C. § 1927, a party's counsel can be subject to sanctions for unreasonably and vexatiously multiplying judicial proceedings.   28 U.S.C. § 1927.   A "vexatious suit" has been defined to mean a lawsuit instituted maliciously and without good cause, as well as, lacking justification and intended to harass, and instituted without sufficient grounds for the purpose of causing trouble or annoyance to the defendant. *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1276 (M.D. Fla. 2003).   The Eleventh Circuit has further stated that § 1927 allows the Court to assess attorneys' fees against counsel and law firms who willfully abuse the judicial process by "conduct tantamount to bad faith." *See Boler* at 1277, *citing Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991).

In addition to powers deriving from statutes or rules, courts also have the inherent authority to sanction litigation misconduct when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (citations omitted).   "These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and

16

narrower than the other means of imposing sanctions." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 46 (1991).   Whereas rules-based or statute-based sanctions "reach[] only certain individuals or conduct, the inherent power extends to a full range of litigation abuses."

**B.     JBTS has knowingly brought and maintains litigation against FIS in violation of Rule 11 and § 1927.**

In other words, federal courts are not a vehicle for litigations to harass others by filing frivolous claims that wholly lack any merit under the existing facts or law.   But JBTS's presently asserted claims against FIS are merely different versions of the claims that were: (1) rendered invalid in the *Sleepy Hollow* action; (2) dismissed with prejudice in the *Schwab* action; and/or (3) invalidated in the *Jack Henry* action.   Yet, JBTS knowingly continues to litigate without any explanation as to how the claims of this case differ from those already acknowledged to be invalid.

JBTS is likely to argue that the '003 Patent Asserted Claims are distinguishable because they claim purported limitations, such as "at least one of the internet and World Wide Web," "wireless device," "at least one of a wireless telephone, a cellular telephone, and a personal digital assistant," and "electronic mail message."   FIS has provided JBTS on several occasions with detailed comparisons of the '725 Patent claims and those asserted from the '003 and '270 Patents, proving the point that this matter is without merit.[45]   Once again, these are minor and obvious differences that do not make the asserted '003 Patent claims any more patentable than the invalidated '725 Patent claims.   *See Muniauction, Inc.*, 532 F.3d at 1327 (Fed. Cir. 2008); *Soverain Software LLC*, 705 F.3d at 1340.

---

[45] *See* Exs. E and F; Apps. A and B of Fidelity National Information Services, Inc.'s Final Invalidity Contentions, June 16, 2014 (true and correct copies are attached as Exs. G and H).

JBTS has provided no justification for continuing to assert the '270 Patent in this matter.  JBTS argues that because the *Schwab* action was brought against a different party and against different products, the decision to dismiss the '270 Patent does not have any application to this matter.[46]  JBTS further argues that counsel admissions made in another case are not binding.  (*Id.* at 6.)  This argument is nonsensical and without merit.  If the '270 Patent was invalid in the *Schwab* action, as JBTS admitted, it is equally invalid in this or any other proceeding, regardless of who or what is accused of infringement.  JBTS simply has no good-faith basis for continuing to assert the '270 Patent, or either Asserted Patent for that matter.

Even after Judge Robinson's invalidation of the '003 Patent claims, JBTS continues to assert the '003 Patent against FIS and argues that "Judge Robinson's Order impacts only 12 claims of the '003 patent, none of which is among the 19 claims of the '003 patent currently asserted against FIS."[47]  JBTS does not mention, however, that many of the '003 Patent Asserted Claims depend on the invalidated claims of the '003 Patent, without being able to meaningfully limit their abstract idea.  JBTS also fails to address the fact that the subject matter of these claims are substantively the same, if not identical.[48]

FIS has repeatedly given JBTS the opportunity to walk away from this matter, going as far as to offer the option of dismissing this case without prejudice, but JBTS has refused in each instance.[49]  Instead, JBTS continues to assert the exact same patents and exact same

---

[46] *See* JBTS's Opp. to FIS's Mot. to Reduce Claims at 6-7, ECF No. 100.
[47] Letter from Miller to Flaim of 1/9/2015 at 1, Ex. R.
[48] *See* FIS's Mot. for Summ. J. of Invalidity, Exs. 27, 28, ECF No. 124.104-124.105 (charts comparing the Asserted Claims with the invalidated claims of the '003 Patent).
[49] *See* Letter from Flaim to Ritcheson of 12/18/14, Ex. Q.

subject matter that have already been determined to be invalid without proper explanation as to how the claims of this case differ from those acknowledged to be invalid.

**C.**   **JBTS should be subjected to sanctions for its bad faith assertions in this lawsuit.**

At every turn, JBTS has either admitted the Asserted Patents are invalid or a court has expressly determined that the subject matter at issue is invalid under multiple statutory grounds.   Yet JBTS has opted to maintain the present lawsuit in an effort to extract a settlement from JBTS.   JBTS's refusal to dismiss this lawsuit can only be described as unreasonably duplicating judicial proceedings that have no basis in law or fact.   FIS respectfully requests that JBTS and its counsel of record be sanctioned under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent powers, as appropriate. *See, e.g., View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981 (Fed. Cir. 2000); *Phonometrics, Inc.*, 349 F.3d 1356; *Judin v. United States*, 110 F.3d 780, 783 (Fed. Cir. 1997); *Pierce v. Commercial Warehouse*, 142 F.R.D. 687, 690 (M.D. Fla. 1992).[50]

Due to such misconduct by JBTS, FIS has had to suffer great expenses in various motion practice, including the (1) motion to limit the number of patent claims asserted for summary judgment briefing, ECF No. 98; (2) motion under Local Rule 3.01(d) for leave to file multiple summary judgment motions or, in the alternative, to exceed page limits, ECF No. 99; (3) motion to compel production of invalidity documents and response to invalidity interrogatory, ECF No. 103; and (4) motion for judgment on the pleadings that the asserted claims are invalid under § 101, ECF No. 110.   Further, FIS had to analyze 61 claims for infringement and invalidity, serve initial and final invalidity contentions based on all of

---

[50] *Hughes v. Novi American, Inc.*, 724 F.2d 122, 123-124 (Fed. Cir. 1984) (awarding attorney fees under 35 U.S.C. § 285 when a party persisted with asserting claims that were known to be invalid).

19

these 61 claims, and exchange proposed claim terms for construction based on these 61 claims.  FIS had to then serve amended final invalidity contentions based on the reduced 25 claims, and once again exchange proposed claim terms for construction based on the reduced 25 claims.  FIS also incurred great costs for conducting discovery.  Not only did FIS have to expend great resources and expense in the current action, FIS also had to do the same in its customer suits in *Joao Bock Transaction Sys., LLC v. USAmeribank, et al.*, No. 8:11-cv-00887 (M.D. Fla. Apr. 22, 2011) and *Joao Bock Transaction Sys., LLC v. Barrington Bank & Trust Company, et al.*, No. 1:11-cv-006472 (N.D. Ill. Sept. 15, 2014).

Also, had this Court not intervened, JBTS would have continued asserting 61 claims against FIS, which would have further driven up the litigations costs.[51]  Further, JBTS blindly maintains eleven other pending actions in six different jurisdictions, alleging that one or more of the JBTS Patents are being infringed.[52]  JBTS's assertion of these frivolous claims has no reasonable chance of success and is made in bad faith.  Sanctions under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent powers are thus appropriate in this action to deter abusive litigation contemplated by JBTS, and to compensate FIS for the amounts they have spent in responding to this action.

For these reasons, this Court should impose appropriate sanctions against JBTS and its counsel and (1) award to FIS its reasonable attorneys' fees, costs, and expenses incurred in responding to the instant action; (2) dismiss this action with prejudice; and (3) grant FIS all other and further relief that this court deems just and proper.

---

[51] *See* Oct. 30, 2014 Order, ECF No. 115.
[52] *See* List of lawsuits being pursued by JBTS as of 01/20/15 (a true and correct copy is attached here to as Ex. S).

## Certificate of Compliance with Rule 3.01(g)

Counsel for Defendant FIS hereby certifies that they have conferred with counsel for Plaintiff, JBTS, prior to the filing of this Motion. On January 22, 2015, FIS served a copy of this Motion on JBTS, thereby complying with the safe-harbor provision of Fed. R. Civ. P. 11. While the parties exchanged numerous communications in an effort to reach agreement, Plaintiff is opposed to the relief requested by this Motion.

Date:   February 19, 2015        By:*/s/ W. Barton Rankin*
                                 W. Barton Rankin
                                 *Admitted Pro Hac Vice*
                                 bart.rankin@bakermckenzie.com
                                 John G. Flaim
                                 *Admitted Pro Hac Vice*
                                 john.flaim@bakermckenzie.com
                                 **BAKER & MCKENZIE LLP**
                                 2300 Trammell Crow Center
                                 2001 Ross Avenue
                                 Dallas, Texas 75201
                                 Telephone: (214) 978-3000
                                 Facsimile: (214) 978-3099

                                 Richard V. Wells
                                 *Admitted Pro Hac Vice*
                                 richard.wells@bakermckenzie.com
                                 **BAKER & MCKENZIE LLP**
                                 815 Connecticut Ave., N.W.
                                 Washington, D.C. 20006
                                 Telephone: (202) 452-7000
                                 Facsimile: (202) 416-7143

                                 and

                                 R. Eric Bilik (FL Bar No. 987840)
                                 ebilik@mcguirewoods.com
                                 Emily Y. Rottmann (FL Bar No. 93154)
                                 erottmann@mcguirewoods.com
                                 **MCGUIREWOODS LLP**
                                 50 N. Laura Street, Suite 3300
                                 Jacksonville, FL 32202
                                 (904) 798-3200
                                 (904) 798-3207 (fax)

                                 *Attorneys and Trial Counsel for Defendant*
                                 *Fidelity National Information Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2015, I filed a copy of the foregoing document with the Clerk of the Court using CM/ECF system which will send a notice of electronic filing to the following:

Timothy C. Davis, Esq.
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203
(205) 326-3336
(205) 326-3332 (fax)
tim@hgdlawfirm.com
*Attorneys for Plaintiff JOAO Bock
Transaction Systems, LLC*

Maureen V. Abbey, Esq.
Heninger Garrison Davis, LLC
220 St. Paul Street
Westfield, NJ 07090
(908) 379-8475
(205) 547-5500 (fax)
Maureen@hgdlawfirm.com
*Attorneys for Plaintiff JOAO Bock
Transaction Systems, LLC*

Jonathan R. Miller, Esq.
Heninger Garrison Davis, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
(404) 996-0863
(205) 547-5506 (fax)
jmiller@hglawfirm.com
*Attorneys for Plaintiff JOAO Bock
Transaction Systems, LLC*

Frank H. Cole, Jr., Esq.
Eraclides, Gelman, Hall, Indek, Goodman &
Waters, LLC
4811 Atlantic Boulevard
Jacksonville, FL 32207
(904) 306-9955
(904) 306-9951 (fax)
fcole@eglawjax.com
*Attorneys for Plaintiff JOAO Bock
Transaction Systems, LLC*

Steven W. Ritcheson, Esq.
Heninger Garrison Davis, LLC
9800 D. Topanga Canyon Blvd., Suite 347
Chatsworth, CA 91311
(818) 882-1030
(818) 337-0383 (fax)
swritcheson@hglawfirm.com
*Attorneys for Plaintiff JOAO Bock
Transaction Systems, LLC*

*/s/ W. Barton Rankin*
W. Barton Rankin